*(110 So. 424)*

## No. 28137.

## STATE v. METOYER.

(Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⊙�ネ1111(3).**

Bill of exceptions to alleged error in refusing to allow defendant to answer question was without effect, where court's per curiam stated that such right was not refused.

**2. Criminal law ⊙�ネ451(4)—Testimony of witnesses' opinions as to why defendant did not stop after running over deceased held inadmissible.**

Testimony in manslaughter prosecution of witnesses riding with defendant at time of running over deceased as to why he had not stopped car *held* inadmissible as merely calling for opinion.

**3. Criminal law ⊙�a1115(2).**

Bill of exceptions did not show error in refusing defendant's request to await attachment of juror of regular panel before calling tales juror, in absence of showing of incompetency of tales juror.

Appeal from Tenth Judicial District Court, Parish of Natchitoches; J. F. Stephens, Judge.

Joe Metoyer was convicted of manslaughter, and he appeals. Affirmed.

Jas. W. Jones, Jr., of Natchitoches, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and S. R. Thomas, Dist. Atty., of Natchitoches (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ST. PAUL, J. The defendant was convicted of manslaughter (by running over the deceased), and we find four bills of exception in the record.

### I.

[1] The first bill of exception represents that the trial judge refused to allow the defendant to answer why he did not stop his car after striking the deceased. The trial judge in his per curiam says that the defendant was not refused the right to answer, and did answer that he did not stop because there was a "rough house" near by and he was afraid to stop; and that no bill was [or could be] reserved to the ruling of the court.

### II.

[2] The second and third bills of exception represent that the witnesses who were in the car with defendant at the time of the occurrence were not allowed to testify why the defendant did not stop after striking the deceased. The trial judge says that these witnesses had testified that nothing was said by the defendant at the time as to why he had not stopped the car, and that the question therefore merely called for the opinion of the witnesses, which was not admissible. We see no error herein.

### III.

[3] The fourth bill of exceptions represents that when selecting a jury, a member of the regular panel being absent and an attachment having issued for said juror, the defendant requested that the return upon the attachment be awaited before proceeding to call tales juror (the regular panel being exhausted), but that said request was refused and the defendant was thereby compelled to accept tales juror. Aside from the fact that the bill fails to show that the tales juror was incompetent or in any way objectionable to the defendant, the trial judge further says that no such occurrence took place in this case, the same being confused with some other matter. The bill has no merit.

### Decree.

The judgment appealed from is therefore affirmed.