TATE, Justice.
The defendant Landry was convicted of armed robbery, La.R.S. 14:64 and sentenced to fifty years at hard labor. On his appeal, he relies upon three assignments of error.
Assignment One (Bill of Exceptions No. 3):
The defendant contends that his voir dire examination was unfairly curtailed when he was barred from question-, ing the prospective jurors about the presumption of innocence.
The trial court’s per curiam states that the presumption of innocence had been fully explained to each prospective juror, that their understanding of it had been ascertained, and that, in view of these circumstances, further examination by defense counsel was not permitted.
We have reviewed the transcript of the voir dire examination made part of the *739 record after this case was submitted. We do not find error in the trial court’s ruling shown by such transcript.
Assignment Two (Bill No. 9) :
In describing how she identified the robber after the police came, the victim of the robbery stated she was given a stack of twenty to twenty-five photographs and that she identified one of the “mugshots” as being the accused. The reference by the witness was urged as the basis for a mistrial, as being a prejudicial remark indicative of a prior criminal record on the part of the accused.
In his per curiam, the trial judge noted that no objection was made at the time of the remark, that the reference was unsolicited and incidental, and that he felt no prejudice had been sustained, at least insufficient to warrant a mistrial. At a bench conference, the judge offered, however, to admonish the jury to disregard the unsolicited remark of the witness if defense counsel so requested; but defense counsel did not ask for the admonition.
We find no merit to this assignment. See La.C.Cr.P. art. 771.
Assignment Three (Bill No. 8):
The defense was cross-examining a police officer concerning the arrest. The State objected on the ground that the court “had already ruled on this particular point as I recall on the motion to suppress”. After the witness and the next witness had completed testifying (some 28 pages later in the transcript), the defendant moved for a mistrial on the basis of the reference to “motion to suppress”.
Aside from the circumstances that no objection or corrective action was sought at the time of the remark, La.C.Cr.P. art. 841, the mere reference to this technical term in the context of the objection is not shown to be prejudicial.
We find no merit to this assignment.

Decree

For the reasons assigned, we affirm the conviction and sentence.
Affirmed.