326 So.2d 335 (1976)
STATE of Louisiana
v.
Vorice "Duck" CHARLES.
No. 56829.
Supreme Court of Louisiana.
January 19, 1976.
Rehearing Denied February 20, 1976.
*336 Thomas K. Regan, Crowley, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Robert T. Cline, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
The defendant Charles was convicted of armed robbery, La.R.S. 14:64, and sentenced to serve thirty years at hard labor.
In this appeal defendant urges four assignments of error. However, the alleged errors cannot be of avail to him, because at the time of their occurrence defendant failed to call them to the court's attention as required by Code of Criminal Procedure Article 841, as amended by Acts 1974, No. 297 § 1:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action[s] which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
The requirement of an objection shall not apply to the court's ruling on any written motion.
ASSIGNMENTS OF ERRORS NOS. 1 and 4
In assignment number one, defendant complains that the trial judge improperly allowed the jury foreman to correct the form of the verdict in open court rather than remanding the jury to make the correction as provided for by Code of Criminal Procedure Article 813. In assignment number four defendant contends the trial court erred in failing to instruct the jury that it should presume a certain witness not called by the state would have testified unfavorably to the prosecution's case.
However, in each instance the record reflects that defendant failed to contemporaneously object to the action of the court or to make known to the court the action which he desired the court to take, thereby waiving his right to attack the judgment or conviction on grounds of these errors or irregularities. La.Code Cr.Proc. Art. 841; State v. Marcell, 320 So.2d 195 (La.Sup.Ct.1975).
ASSIGNMENTS OF ERRORS NOS. 2 and 3
In these assignments defendant contends the trial court erroneously sustained the state's objections to cross-examination questions asked by defendant's counsel. On these occasions, although defendant did not expressly object, the court was necessarily aware of the action which defendant desired the court to take, viz., to overrule the state's objection and allow him to put the questions to the state's witness. However, defendant's counsel neither complained of the court's ruling nor apprised the court of the grounds upon which he was entitled to ask the questions. Instead, he apparently acquiesced in the court's ruling by proceeding with his cross-examination along a different line of questioning.
Essentially, Article 841 requires a party to apprise the court of an occurrence that *337 the party contends is an irregularity or error as well as the basis for his contention. Since defendant did not comply with the statute he may not complain after verdict of the occurrences alluded to in these assignments of error. This rule is necessary to promote judicial efficiency by providing an adequate opportunity for the recognition and correction of errors during trial. State v. Marcell, supra.
Having found no reviewable error in the defendant's assignments, and no errors discoverable by a mere inspection of the pleadings and proceedings, we affirm the defendant's conviction and sentence.