351 So.2d 505 (1977)
STATE of Louisiana
v.
David Lynn ALEXANDER and Harry Junius Granger.
No. 59585.
Supreme Court of Louisiana.
October 20, 1977.
Rehearing Denied November 11, 1977.
*507 Gerald Theriot, New Iberia, J. Michael Small, Gravel, Roy & Burnes, Alexandria, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Dracos D. Burke, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State indicted the defendants, David Lynn Alexander and Harry Junius Granger, with the armed robbery of Louis Gladu, a violation of LSA-R.S. 14:64.[1] A jury found both guilty as charged. The court sentenced each to ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence.
The defendants appeal. They rely on eighteen assignments of error for reversal of their convictions and sentences. Alexander specifically abandons Assignment of Error No. 3 in brief. Granger failed to brief or argue his Assignments of Error Nos. 1, 2, and 3.[2] Therefore, we consider them abandoned. State v. Phillips, La., 337 So.2d 1157 (1976); State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975).
We adduce the following context facts:
Following a pre-arranged plan, the defendants and four accomplices drove in separate cars to the Hasty Mart, a convenience store, for the purpose of robbery. All six entered but separated in the store. The owner, Louis Gladu, came from behind the counter and spoke with Alexander. Alexander pulled a gun from his waistband and shot Mr. Gladu. As he fell, Alexander shot him again. Before leaving the store, they rifled the cash register.

ASSIGNMENT OF ERROR NO. 1 (ALEXANDER)
The defendant complains of the court's refusal to require the State to provide him with the substance of any oral inculpatory statement, as requested in his Bill of Particulars. He concedes that the law prohibits the defense from discovering oral confessions or inculpatory statements. However, he argues that the same factors requiring disclosure of written inculpatory statements should compel discovery of oral ones.
In State v. Watson, La., 301 So.2d 653 (1974), we rejected a similar contention. Therein we stated:
"Defendant argues, however, that the rule which allows the defendant to discover written confessions should be extended to include oral confessions. This court has consistently refused to extend this rule which was first announced in State v. Dorsey, 207 La. 928, 22 So.2d 273 (1945). Discovery by defendant in criminal cases is greatly restricted. In State v. Dorsey, supra, the court realized that it was in effect creating an exception to the *508 rule that the defendant is not allowed to discover the evidence on which the prosecution bases its case. The court specifically limited the holding to a written confession by the accused.
"* * *
"Pretrial inspection of evidence, even of confessions, is not a question of constitutional proportions. There is no statute requiring the production of `oral confessions.' Probably for the reason that the management of a scheme requiring such production would be difficult and complicated, Louisiana courts have consistently refused to extend the rule for production to oral statements of the accused." [Citations deleted.]
We conclude that the trial judge properly refused the defendant pre-trial discovery of any oral inculpatory statements.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2 (ALEXANDER)
The defendant alleges that the trial court erroneously denied him pre-trial inspection or copies of confessions made by others implicated in the offense. He admits that Louisiana law precludes a defendant from discovering such statements. However, he urges us to adopt an exception to this rule when the State grants immunity to those who confessed or were implicated in the crime. Here, the State granted immunity to Herbert John Derouen, a co-indictee, and Mary Arceneaux, one implicated.
That the State granted a person charged with or implicated in the crime immunity is inconsequential to the pre-trial discovery rights of the defense. When that person testifies at trial (as they did here), they become witnesses, and under our jurisprudence, a defendant is also denied discovery or pre-trial inspection of a witness's statement. State v. Ball, La., 328 So.2d 81 (1976); State v. Rose, La., 271 So.2d 863 (1973); State v. Gray, La., 286 So.2d 644 (1973). See LSA-R.S. 44:3.
Thus, we conclude that the trial court's ruling which denied the defendant pre-trial access to confessions of others implicated in or charged with the offense was proper.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4 (ALEXANDER)

ASSIGNMENT OF ERROR NO. 4 (GRANGER)
In the presence of the petit jury venire, but prior to any voir dire questioning, the following exchange occurred:
"BY THE COURT: Are you ready to proceed?
"BY [ASSISTANT DISTRICT ATTORNEY]: Yes, your Honor. The State is ready to proceed in case Number 26375, State of Louisiana versus David Lynn Alexander and Harry Junius Granger. There are other defendants, however, at this time the State elects to proceed against those two named defendants only, and we elect to proceed with the trial of the armed robbery Indictment, under the authority of Article 61 and 704 of the Code of Criminal Procedure. And at this time we ask that the remaining defendants, and remaining charges be refixed for November the 8th, 1976, at ten o'clock." [Emphasis supplied.] [R. p. 542.]
By this remark, the assistant district attorney announced the defendants and charges to be tried that day, and those to be severed and tried at a later date. This information was essential to the court's understanding of the proceedings, since the indictment charged six men with the offense to be tried, armed robbery.
The defendants contend that the assistant district attorney's statement of "remaining charges" is an impermissible reference to another crime under Louisiana Code of Criminal Procedure Article 770.
That article sets forth the requisites for a mandatory mistrial. It provides in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or *509 comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; "[Emphasis supplied.]
Louisiana Code of Criminal Procedure Article 774 confines the scope of argument "to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case." The State's remarks lie outside the ambit of Article 774. In our opinion, this comment was not argument: it was preliminary explanation, essential to orderly trial procedure. Neither do we find that the remark occurred during trial, since the State had not yet called the first prospective juror for examination. LSA-C.Cr.P. Art. 761. Thus, we hold that the very terms of Article 770, our mandatory mistrial provision, render it inapplicable to the instant case.
However, a mistrial may be ordered when prejudicial conduct in the courtroom makes a fair trial impossible. LSA-C.Cr.P. Art. 775. The court should declare a mistrial only when unnecessary prejudice results to the accused, since mistrial is a drastic remedy. State v. Governor, La., 331 So.2d 443 (1976), and the cases cited therein. This determination lies within the sound discretion of the trial judge and will not be disturbed absent an abuse of that discretion. State v. Haynes, La., 339 So.2d 328 (1976).
The defendants' allegation that the comment indicated that they were charged with other crimes is a strained interpretation of the comment. We believe that the phrase "and remaining charges" refers to the preceding phrase "the remaining defendants." Based on this interpretation, we conclude that the State did not comment upon the defendants' other crimes.
Moreover, assuming that it was a reference to other crimes, we do not believe any prejudice resulted. Throughout the trial, the State introduced evidence of the murder of Mr. Gladu during the armed robbery. As this murder and the armed robbery formed "one continuous transaction," evidence of the murder was admissible as res gestae. LSA-R.S. 15:448.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 5 (ALEXANDER)

ASSIGNMENT OF ERROR NO. 5 (GRANGER)
The defendants aver that the trial judge unduly restricted the voir dire examination of Mrs. Suire, a prospective juror.[3]
During the State's questioning, Mrs. Suire stated that she could decide the case based solely on the evidence, that she would apply the law to the evidence as instructed, and that she could be a fair and honest juror. However, in responding to the defense's questions, she took a contrary position and stated that she could not be totally fair. Because of this discrepancy, the court questioned her. After some explanation by the judge, she answered that she could set aside all prior impressions, and could render an impartial verdict according to the law and evidence. When the judge denied the challenge for cause and tendered her to defense counsel, the following occurred:
"BY [DEFENSE COUNSEL]: Mrs. Suire, when the Court asked you questions, you are of course obligated to answer honestly. On the other hand, you don't have to answer because you think the Judge might want a particular answer, and if because of any fact you feel that your judgment would be affected by something's that's happened in the past, you can admit it without getting in any trouble.

*510 "BY THE COURT: [Defense counsel], are you again going into the same things we have covered in the questions the Court has asked of this prospective juror?
"BY [DEFENSE COUNSEL]: I intended to, yes, sir.
"BY THE COURT: No. Well, that's not permissible. I have questioned the witness at length about this matter. I have determined from her answers that she's willing to be an impartial juror in this case. I'm not going to permit you to go back into that." [R. p. 975.]
When he continued his examination of Mrs. Suire, defense counsel immediately posed the following question to her:
"Mrs. Suire, whether we touched on it, or whether we haven't, is there any reason which would prevent your being totally fair and totally impartial to both sides in this case? Whether we've mentioned it or not? Is there anything that would prevent that?" [R. p. 984.]
Mrs. Suire answered negatively.
The scope of voir dire examination lies within the sound discretion of the trial court. LSA-C.Cr.P. Art. 786. In State v. Scott, La., 307 So.2d 291 (1975), we stated:
"A ruling by the trial court in connection with counsel's conduct of voir dire examination should not be disturbed by a reviewing court as long as the trial court has allowed counsel a wide latitude in examining jurors and has exercised a liberal discretion in delimiting the scope of the inquiry. See State v. Jones, 282 So.2d 422 (La.1973)."
In reviewing the scope of voir dire, this Court must consider the examination as a whole, or at least the entire record of examination of the prospective jurors during which defense contends such prejudicial curtailment occurred. State v. Roach, La., 338 So.2d 621 (1976).
The voir dire examination in the present case comprises nearly 750 pages and spans approximately 3½ volumes of testimony. The court, assistant district attorney, and defense counsel questioned Mrs. Suire as to her fairness as a juror. As the voluminous record indicates, the trial judge afforded defense wide latitude in his voir dire. The ruling complained of merely prohibited repetitious questions by defense counsel on the subject of a challenge which had previously been denied. We hold that the court's ruling was a reasonable limitation upon counsel's examination, and a permissible exercise of the court's discretion. See State v. Landry, La., 316 So.2d 738 (1975); State v. Square, 257 La. 743, 244 So.2d 200 (1971), vacated as to death sentence only, 408 U.S. 938, 92 S.Ct. 2871, 33 L.Ed.2d 760 (1972), compliance with the mandate, 263 La. 291, 268 So.2d 229 (1972).
In any event, despite the trial judge's ruling, counsel again asked Mrs. Suire about her fairness as a juror and received an answer indicating her impartiality. Under these circumstances, we find no prejudice. See State v. May, La., 339 So.2d 764 (1976).
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 6 (ALEXANDER)

ASSIGNMENT OF ERROR NO. 6 (GRANGER)
The defendants challenge the trial court's ruling which sustained a State objection that Captain Horace Comeaux's testimony was inadmissible as opinion evidence.
The factual basis of Comeaux's testimony is as follows: Jerry Paul Francis told him that he perpetrated the armed robbery. However, Francis later recanted that confession. He explained that one of the defendant's family bribed him to admit to the crime.
The objection arose as follows:
"BY [DEFENSE COUNSEL]:
Q. Right. And even though he was confessing to something that could get him ninety-nine years he was going to do it for money. At least that's what he said [when] he withdrew the confession. Is that correct?

*511 "A. Yes, sir.
"Q. Did you ask him where he was going to spend that money?
"A. No, sir, I didn't. I didn't ask.
"Q. Well, he was charged with other bank robberies; he was admitting to a robbery; does it seem peculiar to you that somebody would admit to a ninety-nine year offense " [Emphasis supplied.] [R. p. 1374.]
A witness may not testify "as to any impression or opinion that he may have." LSA-R.S. 15:463.
The question posed solicited Comeaux's ideas on Francis' motive in confessing. Clearly, this is inadmissible as opinion testimony. State v. White, 178 La. 98, 150 So. 843 (1933); State v. Metoyer, 162 La. 287, 110 So. 424 (1926).
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 7 (ALEXANDER)

ASSIGNMENT OF ERROR NO. 7 (GRANGER)
The defendants allege that the State's notice of its intention to use incriminating statements is deficient, pointing to the lack of details or a description of the statement.
The State described the statement as follows:
"By the defendant, David Lynn Alexander, to one Andrus Wilson, on April 10, 1976, while both parties were confined in the Acadia Parish Jail, Crowley, Louisiana."
The State must advise the defendant of its intent to use a confession or inculpatory statement at trial. This notice must be in writing and tendered prior to the State's opening statement. LSA-C.Cr.P. Art. 768. In State v. Sneed, La., 316 So.2d 372 (1975), we interpreted the intent of Article 768 as follows:
". . . that the state must give sufficient notice of each confession or inculpatory statement it intends to use, with sufficient specificity as to date or occasion and as to persons to whom given as to afford adequate notice sufficient to permit the defendant a fair opportunity to meet the issue."
The notice need not include the details, description, or content of the statement. State v. Sneed, supra.
The notice given in the instant case is legally sufficient. It identified the person to whom Alexander made the statement, and the relevant date and location of the statement. Such information apprised him of the nature of the statement to enable him to establish a defense as to that issue.
Assuming arguendo, that the notice was unsatisfactory, we find that its inadequacies created no prejudice, for the inculpatory statement which was the subject of the notice was never admitted into evidence. See LSA-C.Cr.P. Art. 921.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 8 (ALEXANDER)

ASSIGNMENT OF ERROR NO. 8 (GRANGER)
The defendants contend that the State improperly introduced evidence of an inculpatory statement Alexander made to Andrus Wilson during its rebuttal. They allege that State v. Turner, La., 337 So.2d 455 (1976), requires the State to offer this evidence during its case-in-chief.[4]
The State did not introduce Alexander's inculpatory statement during its case-in-chief. In presenting its case, the defendant Alexander testified that he did not rob the Hasty Mart or shoot Mr. Gladu. He also denied telling Wilson that he robbed and killed Mr. Gladu. However, he admitted *512 that any conversations he had with Wilson were "free and voluntary."
In rebuttal, the State called Wilson. He testified as follows:
"BY [ASSISTANT DISTRICT ATTORNEY]:
"Q. What did he tell you about [the crime]?
"A. About it? Well, he just told me, you know, thatso they charged him with it.
"Q. Did he tell you that he had done it?
"A. Sir?
"Q. Did he tell you about how he did it?
"A. How he did it?
"Q. Yes.
"A. (Witness shakes head negatively)
"Q. Are you going to answer the question?
"A. Well-well, no, man. IreallyI not testify on nobody. So I notI not going to tell you about it." [R. p. 1685.]
Noting that Wilson had a "change of heart after coming into the courtroom," the State excused him.
The defendants' allegation that the State improperly introduced Alexander's inculpatory statement has no factual basis. As shown by Wilson's testimony above, the statement was never introduced into evidence. Thus, the argument lacks merit.
Assuming that Wilson testified as to the contents of the statement, we hold that the trial court properly admitted it. In State v. Turner, supra, we explained the relevant rules on the introduction of evidence in the State's rebuttal as follows:
"The state may not reserve part of its case-in-chief for rebuttal testimony, after the defense has put on its case and when it can no longer present evidence to rebut the state's case. This is contrary to statute, to ancient jurisprudence, and to rules of fair play.
"In State v. Monroe, 205 La. 285, 17 So.2d 331, 332 (1944), we noted: `Rebutting evidence is that which is offered to explain, repel, counteract, or disprove facts given in evidence by the adverse party.' (Italics [theirs].) Again, in State v. Smith, 120 La. 530, 532, 45 So. 415 (1908), we noted that rebuttal evidence is `evidence which has become relevant or important only as an effect of some evidence introduced by the other side.'" [Citations omitted.]
Further, we recognized the following situation in our second footnote:
"Of course, a confession or an inculpatory statement may be independently admissible in rebuttal, such as being proof of a prior contradictory statement if the accused takes the stand in his defense and denies having made it. State v. Scott, 320 So.2d 538 (La.1975)."
This Court concludes that this latter rule governs the admissibility of the inculpatory statement in this case. The defendant Alexander's denial of making the inculpatory statement and denial of any implication in the crime are facts which the State may rebut. State v. Brooks, La., 294 So.2d 503 (1974), and the cases cited therein. See State v. Watkins, La., 340 So.2d 235 (1976). At trial, the State offered and the court accepted Wilson's testimony for impeachment purposes only. The State introduced sufficient evidence during its case-in-chief to carry its burden of proof; it did not use this statement to prove its case. See State v. Hatter, La., 338 So.2d 100 (1976).
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 9 (ALEXANDER)

ASSIGNMENT OF ERROR NO. 9 (GRANGER)
The defendants assert that the court erroneously sustained the State's objection to the introduction of 215 8" × 10" bank camera photographs as being irrelevant. These photographs depict Jerry Paul Francis and Preston Demouchet committing a bank robbery in Parks, Louisiana, two months after the instant robbery occurred. They argue that the photographs support their theory that Demouchet, Roy, and *513 Francis actually perpetrated this armed robbery.
We pretermit a conclusion as to the relevancy and the admissibility of these photographs. The record indicates that Captain Comeaux described the evidence reflected in the photographs to the jury: that Demouchet and Francis robbed a Parks bank. Hence, we hold that the testimony describing the facts depicted in the photographs cured any error, if any, in the court's exclusion of the photographs. LSA-C.Cr.P. Art. 921; State v. Cox, 218 La. 277, 49 So.2d 12 (1950); State v. Poe, 214 La. 606, 38 So.2d 359 (1948). See also State v. McGuffey, La., 301 So.2d 582 (1974).
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 10 (ALEXANDER)

ASSIGNMENT OF ERROR NO. 10 (GRANGER)
The defendants complain of the court's ruling which sustained the State's objection to their offering a document styled "Disclosure by State." Prior to trial, the State apprised the defense of the history of the gun used in the armed robbery in this document.
When the judge sustained the State's objection, defense counsel stated "Yes, your Honor." [R. p. 1680.] Immediately thereafter, he offered another item into evidence.
We conclude that the defense has improperly presented these arguments and alleged error for our review. LSA-C.Cr.P. Art. 841; State v. Charles, La., 326 So.2d 335 (1976). In Charles, supra, we explained:
"In these assignments defendant contends the trial court erroneously sustained the state's objections to cross-examination questions asked by defendant's counsel. On these occasions, although defendant did not expressly object, the court was necessarily aware of the action which defendant desired the court to take, viz., to overrule the state's objection and allow him to put the questions to the state's witness. However, defendant's counsel neither complained of the court's ruling nor apprised the court of the grounds upon which he was entitled to ask the questions. Instead, he apparently acquiesced in the court's ruling by proceeding with his cross-examination along a different line of questioning.
"Essentially, Article 841 requires a party to apprise the court of an occurrence that the party contends is an irregularity or error as well as the basis for his contention. Since defendant did not comply with the statute he may not complain after verdict of the occurrences alluded to in these assignments of error. This rule is necessary to promote judicial efficiency by providing an adequate opportunity for the recognition and correction of errors during trial. State v. Marcell, supra [320 So.2d 195 (La.)]."
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 11 (ALEXANDER)

ASSIGNMENT OF ERROR NO. 11 (GRANGER)
Both defendants filed motions for a new trial which the trial court overruled. They now challenge the denials.
Alexander's motion urges that the trial court's ruling on his objections prejudiced him, and alternatively, that the ends of justice demand a new trial. Since we have heretofore determined that his objections have no substance, we conclude that his motion based on these objections is without merit. In addition, we dismiss his alternative ground because the contention that the ends of justice require the granting of a new trial presents nothing for our review. State v. Clark, La., 325 So.2d 802 (1976). Thus, we hold that the trial judge properly denied his motion for a new trial.
In treating Granger's motion, we similarly find that the court correctly denied it. He alleges that the verdict is contrary to the law and evidence since no one positively *514 identified him as a participant in the armed robbery, and that the State failed to prove that Granger or his accomplices stole anything of value. Further, he avers that the objections made at trial show prejudicial error.
As we have previously decided that defense's objections are without merit, this ground in his motion is also without merit. His remaining allegations raise an evidentiary issue, that is, if the evidence supports the conviction. Such a contention does not raise a reviewable question of law on appeal unless there is a total lack of evidence to prove the crime or an essential element thereof. State v. Perkins, La., 337 So.2d 1145 (1976); State v. Williams, La., 310 So.2d 513 (1975). A review of the record convinces us that there is some evidence of the crime and its essential elements. Witnesses testified that the defendants planned the robbery of a store; that a customer paid cash for purchases shortly before the defendants entered; that the defendants entered the store and exited, running; that minutes after they fled, another customer discovered the cash register open containing only a few nickles and pennies, with the spring clips in the upright position.
These assignments of error are without merit.
For the reasons assigned, the convictions and sentences are affirmed.
DIXON, J., concurs.
NOTES
[1] The indictment also charged John Nelson Collins, Sr., Ronald Earl Miller, Herbert John Derouen, and Rene Jackson. Thereafter, the State granted Derouen immunity and dismissed the charge against Jackson. Both Miller and Collins pled guilty to accessory after the fact. See LSA-R.S. 14:25 and 64.
[2] Throughout we refer to his formal assignments of error numbers filed in the trial court, rather than his argument numbers in his brief.
[3] In brief, the defendant Alexander urges an additional ground concerning the propriety of the trial court's denial of his challenge for cause of Mrs. Suire. However, this alleged error is improperly presented because counsel failed to voice a contemporaneous objection to the court's ruling. LSA-C.Cr.P. Art. 841.
[4] The record does not indicate the full content of this statement. For purposes of discussion, we will assume that the statement also implicated Granger, thereby giving him standing to contest the statement's admissibility in rebuttal.