BOWES, Judge.
Defendant, Lester Chairs, was charged by a bill of information with two counts of armed robbery and one count of aggravated crime against nature. The charges all arose out of an incident which happened on March 9, 1983 at a convenience store on Jefferson Highway, Jefferson Parish, La. The case was tried to a twelve-person jury on February 13, 14 and 15, 1984; the defendant was found guilty on all three charges; and, on February 29, 1984, Chairs was sentenced to 99 years on each armed robbery count (sentences to run concurrently) and 10 years at hard labor on the aggravated crime against nature (that sentence to run consecutive to the armed robbery sentence). This appeal followed and we affirm.
Appellant assigns only one allegation of error: “The trial court erred in denying appellant’s motion for a mistrial following the asking of a question by a juror.”
During the trial, the defendant took the stand in his own behalf, denying the allegations against him. In the course of cross-examination by the prosecutor, Chairs was asked “to hold his hands in the fashion as if he’s holding a gun.... Let the jury see that.” As the accused was complying with the request, one of the jurors asked: “Are you right-handed?”; to which the witness (accused) replied: “Yes, I am.” The defense moved for a mistrial based upon the foregoing exchange. In denying the defense motion, the trial judge stated:
The Court has certainly looked at Article 770 of the Code of Criminal Procedure and it’s not enumerated in that, that is— and, therefore, I think I’m compelled to go to Article 775, which says a mistrial may be ordered and the only part there I can see where it would come under is Part Three, that is, a legal defect in a proceedings which would make any judgment entered upon a verdict reversable [sic] as a matter of law. Court finds that the remarks were not solicited either by the State or by the Defense, at least the question was not elicited by the Defense or the State, and Court finds that the question and answer also is not prejudi *648 cial to the — you know, to warrant a mistrial and the Court is going to give an admonition to the jury to disregard the question asked by one of the jurors and the answer given by Mr. Chairs.
We find C.Cr.P. articles 770,[1] 771 [2] and 775[3] relative to the case before us. Article 770 limits its application to prohibited comments made by the trial judge, the district attorney, or a court official, and is, therefore, not pertinent to the present case.
The learned trial judge, in his decision, relied on Article 775. In State v. Smith, 430 So.2d 31 (La.1983), Rehearing Denied, Justice Blanche, writing for the majority, stated:
La.C.Cr.P. art. 775 provides that a mistrial may be ordered when prejudicial conduct [inside or] outside the courtroom makes it impossible to obtain a fair trial. Mistrial is a drastic remedy and should be declared only when unnecessary prejudice results to the accused. State v. Alexander, 351 So.2d 505 (La.1977); State v. Governor, 331 So.2d 443 (La.1976). The determination of whether prejudice has resulted lies within the sound discretion of the trial judge. State v. Haynes, 339 So.2d 328 (La.1976).
We believe the present situation may be covered by Art. 771(2), as well as Art. 775. We find that, in this case, there was no prejudice resulting to the defendant and the trial judge was correct in denying the defense’s motion for a mistrial.
Additionally, we note, approvingly, that the trial judge took the added precaution of admonishing the jury to disregard the question asked by their member and the defendant’s answer.
*649 The present Chief Justice of our State Supreme Court has addressed the question of granting of mistrials more than once. In State v. Simmons, 443 So.2d 512 (La.1983), Rehearing Denied, Justice Dixon wrote:
Defendant relies on C.Cr.P. 771 in arguing that the trial court’s failure to grant a mistrial or admonish the jury resulted in reversible error. However, the statements of the prospective juror were not of such a nature that they might prejudice the defendant.
[...]
In any event the juror’s remarks do not fall within the ambit of the mandatory mistrial provisions of C.Cr.P. 770; State v. Cushenberry, 407 So.2d 700 (La.1981). Under C.Cr.P. 771 it is only when an admonition is insufficient to assure a fair trial that a mistrial should be ordered. State v. Baldwin, 388 So.2d 664 (La.1980), cert. denied, 449 U.S. 1103,101 S.Ct. 901, 66 L.Ed.2d 830 (1981).
And, in State v. Jarman, 445 So.2d 1184 (La.1984), Rehearing Denied, he stated:
... mistrial is a drastic remedy. Unless mandated by C.Cr.P. 770, it is committed to the sound discretion of the trial judge and is warranted only if substantial prejudice results which would deprive a defendant of a fair trial. State v. Narcisse, 426 So.2d 118, 133 (La.1983).
Clearly, there was no abuse of discretion by the district court judge in this case and we agree with his ruling.
Accordingly, the conviction and sentence of Lester Chairs are affirmed.
AFFIRMED

. Art. 770. Prejudicial remarks; basis of mistrial
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.

. Art. 771. Admonition
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1)When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2)When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.

.Art. 775. Mistrial; grounds for
A mistrial may be ordered, and in a jury case the jury dismissed, when:
(1) The defendant consents thereto;
(2) The jury is unable to agree upon a verdict;
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
(4) The court finds that the defendant does not have the mental capacity to proceed;
(5) It is physically impossible to proceed with the trial in conformity with law; or
(6) False statements of a juror on voir dire prevent a fair trial.
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
A mistrial shall be ordered, and in a jury case the jury dismissed, when the state and the defendant jointly move for a mistrial.
Source: A.L.I. Model Penal Code, § 109(4)(b) (Tent. Draft No. 5, 1956); Acts 1966, No. 310, § 1; cf. former R.S. 15:278, 15:397.