DOMENGEAUX, Judge.
The defendant, Kevin Livings, was charged by a bill of information with possession of cocaine with the intent to distribute, a violation of La.R.S. 40:967. On March 24, 1987, a jury of twelve unanimously found the defendant guilty as charged. On May 28, 1987, the trial judge sentenced the defendant to five years at hard labor. The defendant is appealing his conviction based on eight assignments of error.
FACTS
On June 20, 1986, Detectives Oswald Doucet and Darrell Fontenot of the Lafayette Police Department were patrolling the north side of Lafayette, Louisiana, near an establishment known as Freddie’s Drag Kitchen or Freddie’s Lounge. Detective Doucet, a narcotics officer with six years experience, testified that he conducted several raids at Freddie’s Drag Kitchen and that he has personally observed suspects being in possession of, distributing, and using cocaine on those premises. He testified that on occasion he has patrolled this area seven days a week, fourteen hours a day. As a result of this extensive surveillance, Detective Doucet and his car were well known in the area.
While patrolling the area that night, the officers parked their patrol car in front of Freddie’s, where they observed the defendant and an unidentified suspect in an apparent drug transaction in the parking lot. *79 The defendant appeared to have a white envelope in his hand. In Detective Dou-cet’s experience, he had learned that drugs were often carried in such envelopes.
When the defendant saw the officers, he ran toward the back of Freddie’s Drag Kitchen with the envelope still in his hand. Detective Fontenot exited the car and chased the defendant to the rear of the building. The detective saw the defendant run into a coulee located behind Freddie’s. The officers got back into their car and drove around the corner to a spot located on Bossier Street at the end of the coulee. From this viewpoint, the officers observed the defendant going from one side of the coulee to the other trying to hide. Before the defendant came out of the coulee, the officers observed him stomp something into the ground. The defendant then walked out of the coulee and over to the officers. The defendant no longer had the envelope in his possession.
Detective Doucet sent Detective Bruce Lyons, who had arrived at the scene, down into the coulee to search for the envelope. Detective Doucet directed Detective Lyons to the area where the defendant had been seen stomping on the ground. Detective Lyons found a tom, crumpled envelope in the coulee within three feet from where Detective Doucet had signaled him to go. The envelope was white on the outside with a blue interior. It contained seven small, plastic packets, each containing a white powdery substance. This substance was later identified as cocaine.
ASSIGNMENT OF ERROR NO. 1
By this assignment, the defendant first claims that the State failed to prove beyond a reasonable doubt that the cocaine found in the coulee was ever in his possession.[1]
When reviewing the sufficiency of evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant to have committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983). Where an essential element is proved by circumstantial evidence, the trier of fact, as well as the reviewing court, must accept as proved all that the evidence tends to prove and then only convict if every reasonable hypothesis of innocence is excluded. La.R.S. 15:438; State v. Jackson, 419 So.2d 837 (La.1982). Circumstantial evidence consists of proof of collateral facts and circumstances from which elemental factors may be inferred according to reason, experience and common sense. State v. Bindom, 410 So.2d 749 (La.1982).
The officers saw a white envelope in the defendant’s hand when he was in the parking lot at Freddie’s Drag Kitchen. The defendant still had the envelope in his hand when he ran into the coulee. While the defendant was in the coulee, he was observed trying to stomp something into the ground. After the defendant left the coulee, the officers found an envelope containing seven packets of cocaine near the spot where the defendant was seen stomping something. Although no one saw him drop the envelope on the ground, there was sufficient evidence from which a trier of fact could infer that the envelope found was in fact the same one seen in the defendant’s hands in the parking lot at Freddie’s.
Defendant additionally alleges in the first assignment that the State failed to establish a chain of custody for the cocaine found in the coulee.
A chain of custody is proved by establishing custody of an object from the time it is seized until it is offered into *80 evidence. State v. Sweeney, 443 So.2d 522 (La.1983). A continuous chain of custody does not need to be established if the evidence as a whole establishes that it is more probable than not that the object introduced is the same object originally seized by the officers. State v. McCabe, 420 So.2d 955 (La.1982). The trial judge has great discretion in determining whether a sufficient foundation has been laid for the introduction of evidence. State v. Cobb, 419 So.2d 1237 (La.1982).
The record reveals that the State has established an adequate chain of custody for the drugs from the moment they were found in the coulee until the time they were admitted into evidence at trial. Detective Lyons testified that after he found the envelope he immediately handed the envelope and its contents to Detective Dou-cet. Detective Doucet testified that he transported the evidence to the police station, where he marked and tagged it. He then deposited it in a locker in the evidence locker room. Officer Mike Marlette, the evidence custodian for the Lafayette Police Department, testified that he has the only key to these lockers. Officer Marlette stated that he processed the evidence and transported it to the crime laboratory for testing. When the crime laboratory was through with testing, Officer Marlette personally retrieved the evidence and returned it to the police storage room, where it remained until the day of trial. At trial, Officer Marlette testified that all seals on the evidence package were intact.
Defendant argues that certain inconsistencies in the testimony offered at trial support his claim that the State did not lay a proper foundation regarding the evidentiary chain of custody. First, he notes that Detective Doucet stated the envelope and its contents were not wet, even though other testimony established that it had rained earlier that day. While Detective Lyons also testified that the envelope was dry, he did state that it had mud on it in the shape of a footprint. Second, defendant complains that the evidence was not found at the location noted on the evidence tag. The tag stated that the drugs were found at 300 Bossier Street, when in fact they were found off the street in the coulee. Detective Doucet explained that stating the drugs were found on Bossier Street was merely a landmark designation. The coulee was closer to Bossier Street than to any other street in the area. We find these inconsistencies go to the weight of the evidence rather than to its admissibility. Because the State established an adequate chain of custody for the cocaine, the trial judge did not err in admitting it into evidence.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant asserts that the trial court erred in denying the defendant’s request that the jury be permitted to inspect the envelope which contained the plastic packets filled with cocaine. The defendant argues this envelope was demonstrative evidence which would have aided the jury in its understanding of the verbal testimony of a witness.
During his cross-examination of a State witness, defense counsel requested that the jury be permitted to inspect the c-' ;aine, the envelope, and the lab report on the cocaine. The prosecutor objected on the grounds that these objects had not yet been admitted into evidence. The trial court denied defense counsel’s request. When defense counsel persisted, the prosecutor said he had no objection to defense counsel offering the objects into evidence as exhibits for the defense. Defense counsel declined this opportunity. After the prosecutor established the requisite foundation, these objects were admitted into evidence and they were viewed by the jury.
The admission of physical evidence requires that a foundation be laid, either by positive identification or through the establishment of a chain of custody. State v. Paster, 373 So.2d 170 (La.1979). Neither the State nor the defendant can be controlled by the trial court as to the order in which the evidence shall be offered. La.C. Cr.P. art. 773. The order of proof is left to *81 the determination of the offering party subject to the general discretion of the trial court. State v. Mullins, 353 So.2d 243 (La.1977). The defendant cannot regulate the State in its order of proof. State v. Hills, 241 La. 345, 129 So.2d 12 (1960).
Once the State established a foundation for the objects by positive identification and a chain of custody, they were admitted into evidence. These items of physical evidence had to be admitted into evidence before they could be viewed by the jury. The State was free to determine its order of proof. Although the defendant was given the opportunity to offer the objects into evidence, he declined the offer. The defendant has failed to show any prejudice resulting from the trial judge’s ruling, particularly when the jury viewed the evidence after it was admitted. We find the trial court did not abuse its discretion in denying this motion.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3
In this assignment, the defendant alleges that the trial court erred in failing to grant a mistrial because the testimony of a State’s witness imputed bad character and bad reputation to defendant.
Detective Doucet testified that Freddie’s Drag Kitchen was the leading place for drug arrests in Lafayette, with approximately five to six arrests per week on drug charges. Defense counsel objected and requested a mistrial, arguing that this testimony impugned the defendant’s character by suggesting that he frequented this establishment.
Mistrial is a drastic remedy and should only be declared when unnecessary prejudice results to the accused. State v. Alexander, 351 So.2d 505 (La.1977). A determination of the existence of unnecessary prejudice warranting a mistrial is a matter within the sound discretion of the trial judge, and its denial will not be disturbed on appeal absent an abuse of discretion. State v. Smith, 430 So.2d 31 (La.1983).
The defendant’s name was never mentioned during this allegedly prejudicial testimony as a patron of Freddie’s Drag Kitchen. The only time defendant was shown to be in the area was on the night of his arrest. Furthermore, the testimony was relevant to show the intent to distribute, which may be established by proving circumstances surrounding the defendant’s possession of the drug. State v. Ramoin, 410 So.2d 1010 (La.1981). The trial judge did not abuse his discretion in denying the defendant’s motion for a mistrial.
This assignment lacks merit.
ASSIGNMENT OF ERRORS NOS. 4, 5, 6 AND 7
By these assignments, the defendant argues that the trial court erred in its control of the examination of certain State witnesses and in the introduction of certain objects into evidence.
The defendant first contends that the trial court erred in restricting his questioning as to the admissibility of the drugs, the envelope and the crime lab report.
It is well settled that a trial judge is given wide discretion in controlling the examination of witnesses. State v. Murray, 375 So.2d 80 (La.1979). It is within the trial judge’s discretion to stop any unnecessary examination, and his ruling will not be disturbed in the absence of abuse of discretion. State v. Naas, 409 So.2d 535 (La.1981).
During the traversal examination of Detective Doucet concerning the admissibility of the State’s exhibits, defense counsel asked questions concerning the number of times the officer had gone to Freddie’s that day, whether he had closed down Freddie’s earlier that night, how far the defendant was arrested from Freddie’s and what the weather was like that night. The prosecutor objected, stating that these questions went more to the weight of the evidence and not to its admissibility. The trial judge sustained this objection.
The purpose of the traversal examination was to challenge the admissibility of the exhibits, not to cross-examine the witness on all matters or to challenge the weight of the evidence. Because these *82 questions were beyond the scope of this traversal examination, the trial judge did not abuse his discretion by sustaining the State’s objection to them.
The defendant also maintains that the trial court erred in overruling his objection to Detective Doucet’s identification of the drugs presented at trial as the same drugs that were found in the coulee. Defendant argues that Detective Doucet was incompetent to testify as such because he did not personally find the drugs. They were found in the coulee by Detective Lyons. Defendant insists that the trial court’s ruling denied him a full opportunity to attack the foundation for the admission of this evidence.
Defendant’s objection was in effect a challenge to the chain of custody of the evidence. Any defect in the chain of custody would go to the weight of the evidence rather than its admissibility. State v. Sam, 412 So.2d 1082 (La.1982). Furthermore, any error in allowing the identification by Detective Doucet was cured when Detective Lyons testified that the drugs at trial were those he found in the coulee. The trial judge did not err in overruling this objection.
Finally, the defendant argues that the trial court erred in restricting defense counsel's questioning of Detective Doucet as to the physical characteristics of the purported drugs.
During the cross-examination of Detective Doucet, defense counsel asked the officer if the white substance could have been sugar. The prosecutor objected, arguing that this question called for conjecture. The trial judge sustained this objection. It is fundamental that a witness may not testify as to matters not within his personal knowledge. The officer did not have any personal knowledge of whether the white powdery substance was cocaine or sugar. Thus, the trial judge did not err in sustaining the prosecution’s objection.
These assignments lack merit.
ASSIGNMENT OF ERROR NO. 8
In the final assignment, the defendant argues that the trial court erred by declining to read to the jury a special charge requested by him.
The defendant requested that the trial court read LSA-R.S. 40:961(13) to the jury. This statute states:
“Distribute” means to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge, furnishing a prescription, or by filling, packaging, labelling or compounding the substance pursuant to the lawful order of a practitioner. “Distributor” means a person who delivers a controlled dangerous substance as herein defined.
The trial judge denied the defendant’s motion because this special charge was included in the general charges read by the judge to the jury.
In charging the jury, the trial judge read the following instructions:
It is unlawful for any person knowingly and intentionally to possess cocaine with intent to distribute cocaine.
Distribute means to deliver, whether by physical delivery, administering, or subterfuge.
Thus, in order to convict the defendant of possession with intent to distribute, you must find that the defendant knowingly and intentionally possessed a substance which was cocaine; and that at the time of his possession the defendant had a specific intent- to distribute the cocaine.
Both the State and the defendant had the right to submit to the court special written charges for the jury. La.C.Cr.P. art. 807. However, when the substance of the requested special charges is included in the general charge given by the trial judge, the trial judge may properly refuse to give the special charge. State v. Donahue, 408 So.2d 1262 (La.1982). We find that the substance of the requested special charge was included in the general charge given by the trial judge. Therefore, there was no error in refusing to give the requested charge.
*83 This assignment lacks merit.
For the above and foregoing reasons the conviction and sentence of the defendant Kevin Livings is affirmed.
AFFIRMED.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than “second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983), writ denied, 444So.2d 1241 (La.1984); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).