600 So.2d 134 (1992)
STATE of Louisiana, Appellee,
v.
Dalric Lee STILLS, Appellant.
No. 23805-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
*135 Allan R. Harris, Richard E. Hiller, David McGlatchey, Shreveport, for appellant.
Paul Carmouche, Dist. Atty., Daniel R. Keele, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, SEXTON and BROWN, JJ.
BROWN, Judge.
Defendant, Dalric Lee Stills, was found guilty of possession of a firearm by a convicted felon (LSA-R.S. 14:95.1) and sentenced to a term of 8 years at hard labor to run consecutively with any other sentence he had to serve. From this conviction and sentence, defendant appeals. We affirm.
Defendant was on parole from a 1989 Caddo Parish conviction for possession of cocaine with intent to distribute. On August 20, 1990 two Probation and Parole agents made an unannounced supervisory visit to defendant's home. The officers were admitted into the home by defendant's mother who directed them to the bedroom where Stills was sleeping.
After entering the bedroom one officer noticed a single-edged razor blade with white powder residue. A fully loaded Intratec-9 9 millimeter semi-automatic machine pistol was found within arms reach of defendant's bed hidden under clothing. The officers also discovered numerous baggies, some with a white powder residue, a marijuana cigarette butt and $159 in cash. Stills, who was dressed in blue shorts with a digital pager attached, was arrested and quickly removed from the premises because his relatives were becoming agitated.
At trial, the state introduced into evidence the Intratec-9 9 millimeter machine pistol, the ammunition that was in the pistol, the numerous white baggies, the beeper, razor blade and the marijuana cigarette butt. Assistant Chief John Embry of the Caddo Parish Sheriff's Department testified that defendant had not been issued a license to possess a weapon. To prove the prior conviction, defendant's fingerprints were matched to those from the Bill of information concerning the 1989 conviction in the First Judicial District Court.[1]
On appeal defendant briefed and argued three assignments of error. Assignments which are neither briefed nor argued are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Williams, 338 So.2d 672 (La.1976); State v. Domingue, 298 So.2d 723 (La.1974); URCA, Rule 2-12.4.[2]
Ronnie Tibbit, a Criminal Minute Clerk for the Caddo Parish Clerk's Office, was asked by the prosecutor to read the minute entry from defendant's previous 1989 conviction *136 for possession of cocaine with the intent to distribute. A portion of the minutes read by the clerk was as follows:
The Court ordered a limited presentence (sic) investigation by the probation department and sentencing deferred until March 28, 1989. The Court set bond on the defendant at twenty thousand dollars and the Court further ordered the weapon destroyed according to law. (emphasis added)
After the clerk completed testifying, defendant objected to the reference to the weapon in the minutes and asked for a mistrial under LSA-C.Cr.P. Art. 775(3) which was denied.
Article 775(3) states that a mistrial may be ordered, and in a jury case the jury dismissed, when:
... (t)here is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law.
Whether a mistrial should be granted is within the discretion of the trial court and absent clear abuse should not be disturbed on appeal. State v. Smith, 433 So.2d 688 (La.1983). The motion should be granted only where the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. State v. Cushenberry, 407 So.2d 700 (La.1981). References by witnesses to evidence previously suppressed do not necessarily give rise to such grave prejudice that a mistrial is mandated. State v. Giovanni, 409 So.2d 593 (La.1981); State v. Hammontree, 363 So.2d 1364 (La.1978); State v. Lewis, 353 So.2d 703 (La.1977).
In Giovanni, the suppressed evidence mentioned was a shotgun in the possession of the defendant. The victims in Giovanni had been killed with a shotgun. The witness mentioning the gun was unaware that it had been suppressed and the court ruled the error was not unduly prejudicial.
In the instant case the minute entry was admissible as proof of defendant's prior conviction. The portion mentioning the firearm was extraneous and unnecessary and could have been easily excised upon defense counsel's request. Counsel for defendant had been furnished a copy of these minutes prior to trial. The trial court noted defense counsel's knowledge and awareness of the content of the minutes and his choice to wait until after the evidence was presented to the jury to object. The proper time for objection was when defendant first became aware of the state's intent to use the evidence. LSA-C.Cr.P. Art. 841; State v. Charles, 326 So.2d 335 (La.1976); State v. Allen, 431 So.2d 808 (La.App. 4th Cir.1983). Additionally, it is clear that this evidence, even if wrongly admitted, was not so prejudicial as to deprive defendant of a fair trial. This assignment is without merit.
Defendant's second assignment of error claims the trial court wrongly allowed into evidence State Exhibits 5 (razor blade), 6 (plastic bag with papers), 7 (a small plastic bag), and 8 (a marijuana roach). Defendant's objection is based upon the lack of testimony to establish a chain of evidence. Article 901(A) of the Code of Evidence provides:
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
This article further provides in paragraph (B)(1) that testimony of a witness with knowledge is satisfactory for this purpose. The 3rd Circuit noted in State v. Livings, 548 So.2d 77, 80 (La.App. 3d Cir. 1989), writ denied, 552 So.2d 394 (1989), that a continuous chain of custody of tangible evidence need not be established if the evidence as a whole demonstrates that it is more probable than not that the object introduced into evidence is the object in question.
The trial court allowed the evidence to be admitted based upon the testimony of the two officers who identified each exhibit as the objects found on the day in question. The trial court has great discretion in determining whether a sufficient foundation has been laid for the introduction of evidence. State v. Cobb, 419 So.2d 1237 (La.1982). *137 The trial court's determination that the exhibits were what the state purported them to be was well within the court's discretion. This assignment lacks merit.
Defendant finally claims that the trial court erred in imposing an unconstitutionally excessive sentence of eight years hard labor to be served without benefit of probation, parole or suspension of sentence and to be served consecutively with any other sentence.
Defendant admits the trial court adequately complied with the guidelines of LSA-C.Cr.P. Art. 894.1. Defendant contends, however, that the trial court took inappropriate factors into consideration in determining the sentence.
At sentencing, the trial court stated:
We find that the defendant basically has not changed his mind about his occupation. When you find beepers and drugs together, you assume somebody is involved in the drug trade, but when you find a TEC 9 semiautomatic machine pistol, which I had the opportunity to personally view at trial, there is no reasonable explanation for the possession of that gun. It cannot be said that it is used for defensive purposes; it is too big. It is not a hunting weapon, that I know of. The defendant does not wish to make any other explanation for his possession of the weapon. The only thing I can conclude is that he is in the business of selling drugs and he used that for protection of his job.
Defendant argues that the comment concerning his lack of explanation for possessing the weapon violated his right to remain silent. He further argues that the trial court engaged in pure speculation in concluding that the gun was used for protection when selling drugs.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, an appellate court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988). The trial court's sentence of eight years at hard labor was within the statutory limits for this crime. After considering defendant's prior criminal history, this sentence was clearly within the court's wide discretion.
The trial court evaluated the evidence and circumstances and found it logical that the gun was used in furtherance of selling illegal drugs. Considering all of the facts and circumstances brought to the attention of the trial court, such a conclusion was not unreasonable.
It is well settled in Louisiana that a defendant must be given an opportunity to offer explanations or contradict unfavorable material contained in a pre-sentence investigation report (PSI) and additional information to which the sentencing court is exposed. State v. Coleman, 574 So.2d 477 (La.App. 2d Cir.1991).
Although no PSI was ordered in this case, the trial court was correct to allow defendant an opportunity to explain his possession of the gun. That defendant chose not to avail himself of this opportunity cannot be construed as a denial of his right against self-incrimination nor did his silence operate to forbid the trial court from reaching reasonable conclusions from all the circumstances.
Defendant further objects to the trial court's order that the sentence be served consecutively to the term of imprisonment for violation of his parole. LSA-R.S. 15:574.10 specifically provides that when a person is convicted of a felony while on parole "his parole shall be deemed revoked as of the date of the commission of the felony." This statute requires that defendant's parole officer inform the sentencing judge that "the convicted defendant is a parole violator." The new sentence according to LSA-R.S. 15:574.10 "shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court." In the instant case, although not needed, the trial court ordered the sentence to be served consecutively. This assignment lacks merit.
*138 Finding no merit to this appeal we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] The crime occurred on August 26, 1988 and defendant pled guilty on January 9, 1989.
[2] Assignments of error that were abandoned are as follows:

The trial court erred in refusing to hear and make a ruling on defendant's motion to suppress.
The trial court erred in allowing the introduction into evidence over defendant's objection the minutes of defendant's prior conviction.
The Bill of Information alleged the prior conviction occurred on January 9, 1990 rather than January 9, 1989.
The trial court erred in including the following sentence in its jury charge on page two, paragraph one: "... However, this does not mean that the state must prove beyond a reasonable doubt such facts that may be connected with the crime charged but that are not essential elements thereof."