597 So.2d 43 (1992)
STATE of Louisiana
v.
Matthew THOMPSON.
No. KA 90 2254.
Court of Appeal of Louisiana, First Circuit.
March 6, 1992.
Writ Denied June 26, 1992.
*44 Larry Buquoi, Asst. Dist. Atty., Gonzales, for State.
Greg Lambert, Gonzales, for defendant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Defendant, Matthew Thompson, was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. Defendant pled not guilty and, after a jury trial, was found guilty as charged. Defendant was sentenced to twelve years imprisonment at hard labor for his conviction of simple burglary. Defendant was also sentenced to two years imprisonment at hard labor for his conviction of attempted simple escape. The trial court ordered the sentences to be served consecutively and gave defendant credit for time served. The conviction and sentence for attempted simple escape are not a part of the instant appeal. Defendant appeals his simple burglary conviction, urging four assignments of error.

FACTS
Sometime between January 5, 1989, and January 8, 1989, the Turchiano home in Ascension Parish, Louisiana, was broken into and burglarized. Defendant was arrested for the burglary because his fingerprints were found inside the home.
ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE:
In his first assignment of error, the defendant contends that the trial court erred in denying his motion for post verdict judgment of acquittal. In his brief to this Court, defendant specifically argues that the evidence was insufficient to support his conviction of simple burglary.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
LSA-R.S. 14:62 provides, in pertinent part:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a *45 felony or any theft therein, other than as set forth in Section 60.
Janet Luckett, the Turchianos' daughter, testified that on January 8, 1989, she went to her parents home to inspect it for them because they were out of town. Upon arriving at the house, Luckett found that it had been ransacked and numerous items of value, including a television set, a stereo, and a VCR, were missing. Luckett stated that she last inspected the house two or three days before January 8, 1989, and at that time nothing seemed to be out of the ordinary. The police officers who investigated the crime scene determined the burglar's point of entry into the house to be the rear door. The officers concluded that the burglar broke the glass out of the door, reached in and unlocked the door.
The investigating officers also recovered five latent fingerprints at the scene of the crime. Two of the fingerprints were found on a black metal box which was found on the Turchiano's bedroom floor. These two fingerprints were positively identified as belonging to the defendant. The other fingerprints that were recovered from the glass television cabinet were unidentifiable. Mr. Joseph Turchiano, owner of the Turchiano home, and Luckett both testified that they did not know the defendant, that they have never known anyone by his name, that they have never invited defendant to the Turchiano home, and that they did not give him authorization to enter the house. There was testimony that the box had been in the family's possession since they obtained it from Jamaica years ago. Mr. Turchiano testified that the black box was usually kept in the bedroom dresser drawer.
The defendant argues that the State did not exclude every reasonable hypothesis of innocence and that no rational trier of fact could have found that the State proved its case beyond a reasonable doubt. Defendant claims that the State failed to prove that defendant was guilty of the burglary of the Turchiano home because the only evidence that connected defendant to the case was his fingerprints on the black metal box found on the bedroom floor. Defendant asserts that his fingerprints could have gotten on the box at a time other than the burglary and that the State failed to prove that the defendant did not handle the box at any other time.
A defendant's fingerprint on an object associated with a crime such as theft is direct evidence that the defendant touched the object at some time and is circumstantial evidence that he touched it at the time of the offense. When the State uses the fingerprint as circumstantial evidence of guilt, it must exclude any reasonable hypothesis that the defendant touched the object at some time other than the time of the offense. State v. Jackson, 582 So.2d 915, 918 (La.App. 2 Cir.1991).
In his brief to this Court, defendant sets forth several hypotheses by which he could have touched the black box at a time other than the burglary; however, under the circumstances herein, the only reasonable hypothesis to explain the presence of defendant's fingerprints on the black box is that defendant was the individual who burglarized the Turchianos' home and stole numerous items. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. There was sufficient evidence to support defendant's conviction of simple burglary. Thus, we find defendant's first assignment of error to be without merit.
In a somewhat related argument, defendant sets forth in his third assignment of error that the trial court erred in admitting into evidence three unidentifiable latent fingerprints. Defendant notes that, of the five latent fingerprints that were found inside the Turchiano home, only two of the prints were identified as belonging to the defendant. The three remaining fingerprints that were lifted from the glass door of a television cabinet were unidentifiable, but were allowed into evidence. Defendant claims that he was prejudiced because the unidentifiable prints created the impression that defendant's prints were found on items other than the black box, i.e., the television cabinet, and that this *46 impression likely would have led the jury to believe that defendant had been in the Turchiano home before, thus impugning an important hypothesis of innocence.
Defendant sets forth no law or jurisprudence to support this particular argument. Further, we do not find that defendant was prejudiced in any way by the introduction of the three unidentifiable fingerprints into evidence. The three fingerprints, along with the two that were identified as belonging to the defendant, were a part of the total evidence recovered from the crime scene and, thus, were relevant to the instant case. Therefore, we find this assignment of error to be meritless.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant contends that the trial court erred in refusing to grant a mistrial after a police officer, while testifying, made reference to a previous arrest of the defendant. Defendant argues that an admonition would not have been sufficient to assure defendant of a fair trial.
La.C.Cr.P. art. 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
However, a police officer is not a court official within the meaning of La.C.Cr.P. art. 770. State v. Watson, 449 So.2d 1321, 1328 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). Instead, the applicable provisions contained in La.C.Cr.P. art. 771 provide, in pertinent part, as follows:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
A mistrial under the provisions of La.C.Cr.P. art. 771 is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. State v. Jack, 554 So.2d 1292, 1296 (La.App. 1st Cir.1989), writ denied, 560 So.2d 20 (La.1990). The jurisprudence has held that an impermissible reference to another crime deliberately elicited of a witness by the prosecutor would be imputable to the State and would mandate a mistrial. State v. Madison, 345 So.2d 485, 494 (La.1977); State v. Overton, 337 So.2d 1201, 1205 (La.1976). However, unsolicited and unresponsive testimony is not chargeable against the State to provide a ground for mandatory reversal of a conviction. State v. Jack, 554 So.2d at 1296.
The testimony of the police officer, Sergeant Bennie Delaune, included the following:
[By the prosecutor]:

*47 Q How do you know Matthew Thompson?
[By defense counsel]: I'm going to object to this question unless it's pertinent to a relevant issue.
[By the prosecutor]: I'll rephrase the question.
Q Your association with Mr.did your association with Mr. Thompson come through an arrest?
A Yes, sir.
Q You arrested Mr. Thompson?
A Yes, sir.
Q When did you arrest Mr. Thompson?
A I don't remember the exact date. The previous arrest.
Q Okay, did you arrest Mr. Thompson for this offense?
A Yes, sir.
Defendant then asked the trial court for a conference wherein he made a motion for a mistrial because of Sergeant Delaune's testimony concerning defendant's previous arrest. Defendant argued that this reference to his prior arrest was highly prejudicial to his right to a fair trial. Defendant contended that an admonition would not be sufficient to assure defendant of a fair trial. The trial court denied defendant's motion. The court felt that the nature of the reference to the prior arrest was not such that it would mandate a mistrial. The trial court stated that a mistrial is a drastic remedy, and it did not think that this type remedy was mandated at that particular time. The court concluded that defendant was not prejudiced by the remark and felt that the comment was inadvertent. The trial court told the defendant that he would admonish the jury at the defendant's request. The defendant never requested an admonishment.
There is no showing of clear prejudice to defendant since the statement was vague and subject to various interpretations[1]. There is no indication that defendant was unable to obtain a fair trial because of this statement. Furthermore, we cannot find, nor does defendant claim, that the reference to the "previous arrest" was deliberately obtained by design of the prosecutor to prejudice the rights of the defendant. Consequently, La.C.Cr.P. art. 771 did not mandate a mistrial. Moreover, although the trial court offered to admonish the jury, the defendant never requested an admonition. For the foregoing reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FOUR:
In his final assignment of error, defendant urges that the trial court erred in refusing to grant his request to instruct the jury that the defendant had no responsibility to produce any witnesses or evidence in his behalf and failure to do so should not be held against him. Defendant contends that, because he presented no evidence or witnesses, the court's refusal to grant his special instruction constituted reversible error and denied him due process and fundamental fairness.
La.C.Cr.P. art. 807 provides, in pertinent part:
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
The defendant's requested special jury charge provided:
The defendant has no responsibility to produce evidence of any kind. Matthew Thompson did not call any witnesses or present any evidence. You may not hold this against him it being the burden of proof upon the State to prove the defendant's guilt beyond a reasonable doubt.
*48 In its general charge to the jury, the trial court set forth the presumption that all defendants are to be presumed innocent until each element of the crime necessary to constitute guilt is proven beyond a reasonable doubt, and that the burden is upon the State to prove defendant's guilt beyond a reasonable doubt. Further, the trial court stated that the defendant is not required to testify and that no presumption of guilt may be raised and no inference may be drawn from the fact that defendant did not testify.
Moreover, the court pointed out, during defendant's argument in support of this special charge, that each juror was asked in voir dire whether they would require defendant to take the stand and produce any evidence on his behalf, to which the jurors responded that they would not require defendant to do so. Also, prior to the opening statements, the court instructed the jury that the defendant was not required to make an opening statement and that the defendant had no duty to present any evidence on his behalf.
We find that the defendant's requested special jury charge was cited sufficiently in the trial court's general charge to the jury. Also, the jury was adequately informed throughout the trial that the defendant did not have an obligation to present any evidence. Thus, we find no error in the trial court's failure to give the requested charge to the jury. See State v. Warren, 536 So.2d 529, 535 (La.App. 1st Cir.1988). Therefore, we find this assignment of error to be without merit.
CONVICTION AND SENTENCE AFFIRMED.
SHORTESS, J., dissents with reasons.
SHORTESS, Judge, dissenting.
In my opinion, the mandatory language of Louisiana Code of Criminal Procedure article 770(2) required the trial court to order a mistrial after the assistant district attorney asked Sgt. Delaune, "... [D]id your association with Mr. Thompson come through an arrest?" The discussion outside the presence of the jury, alluded to in footnote 1 of the majority opinion, did not cure the problem.
I respectfully dissent.
NOTES
[1] In fact, out of the jury's presence, Sergeant Delaune was questioned later regarding his comment about defendant's previous arrest. Delaune stated that he was referring to defendant's previous arrest in Alabama for the crime which is the subject of the instant appeal. Delaune testified that he picked up defendant after his arrest in Alabama and brought him back to Louisiana where he was arrested for the same charge. Delaune explained that he had arrested defendant in 1988 on a separate charge, but his comment about defendant's "previous arrest" was concerning the arrest in Alabama.