728 So.2d 1009 (1999)
STATE of Louisiana, Appellee,
v.
Harry McKINNEY, Appellant.
No. 31,611-KA
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
*1011 Louisiana Appellate Project by Amy C. Ellender, Counsel for Appellant.
Richard Ieyoub, Attorney General, Terry R. Reeves, District Attorney, James E. Lewis, Assistant District Attorney, Counsel for Appellee.
Before BROWN, STEWART, KOSTELKA, JJ.
KOSTELKA, J.
After a jury convicted Harry McKinney, as charged, with distribution of cocaine, La. R.S. 40:967(A), the trial court sentenced him to six years at hard labor. Defendant appeals the conviction and sentence. We affirm.

FACTS
On January 12, 1997, after Deputy Roland Barton of the Grant Parish Sheriff's Office caught Troyce Gibbs with drug paraphernalia, Gibbs sought to "cut a deal" to get out of trouble by assisting Deputy Brad Sudduth make a controlled buy from a known drug dealer, Johnny Ray Anderson.
Sudduth and Deputy Stanley Martin placed a wire on Gibbs who was also supplied $100 to make the buy. Martin and another deputy followed Gibbs and Sudduth, who were traveling in Gibbs' truck, to Anderson's trailer in St. Maurice, Louisiana, sometime between 3:30 and 4:00 a.m. Sudduth allowed Gibbs to drive, despite knowing that he had been smoking crack cocaine that night.
*1012 As the men pulled up to Anderson's trailer, a black male, identified at trial as defendant, approached the driver's side of the truck. The individual informed Gibbs that Anderson had no more drugs but that he had some. Gibbs testified the black male gave him two rocks of crack cocaine and some crumbs in exchange for $100. Both Gibbs and Sudduth identified the defendant as the black male who sold Gibbs the crack cocaine. Gibbs gave the cocaine to Sudduth and the crime lab later confirmed that it was cocaine.

SUFFICIENCY OF THE EVIDENCE
McKinney argues that the evidence presented at trial is insufficient to support his conviction for distribution of cocaine because the state failed to identify him as the distributor.
A claim of insufficient evidence is better addressed by a motion for post-verdict judgment of acquittal filed in the trial court. See La.C.Cr.P. art. 821. However, this court has held that it may also be raised by assignment of error on appeal. See State v. Green, 28,994 (La.App.2d Cir.02/26/97), 691 So.2d 1273.
In this instance, our review discloses adequate support for the conviction. The criteria for evaluating sufficiency of the evidence is whether, upon viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). That standard, initially enunciated in Jackson and now legislatively embodied within La.C.Cr.P. art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Perry, 612 So.2d 986 (La.App. 2d Cir.1993).
When the defendant claims that he is not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable probability of misidentification in order to carry its burden of proof, State v. Powell, 27,959 (La.App.2d Cir.04/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.02/21/97), 688 So.2d 520, and positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App. 2d Cir.04/08/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12; State v. Miller, 561 So.2d 892 (La.App. 2d Cir.1990), writ denied, 566 So.2d 983 (La.1990). It is the function of the jury and not that of the appellate court to assess the credibility of witnesses. State v. Miller, supra. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. State v. Carey, 628 So.2d 27 (La.App. 2d Cir.1993), writ denied, 94-0018 (La.03/25/94), 635 So.2d 236.
A defendant is guilty of distribution of cocaine when he transfers possession or control of cocaine to his intended recipients. State v. Cummings, 95-1377 (La. 02/28/96), 668 So.2d 1132. The state must show (1) "delivery" or "physical transfer;" (2) guilty knowledge of the controlled dangerous substance at the time of the transfer; and (3) the exact identity of the controlled dangerous substance. State v. Anderson, 29,282 (La. App.2d Cir. 06/18/97), 697 So.2d 651.
Specifically, defendant argues that the state did not prove beyond a reasonable doubt that he was the person involved in the drug transaction because it occurred in the early morning hours, Gibbs had never met the defendant prior to this occasion and Sudduth did not see the transaction. We disagree.
Although Sudduth testified that he did not see the actual transaction, he recognized the defendant as "Harry McKinney," and knew him because the two men are from the same town. Moreover, Gibbs identified defendant as the person from whom he purchased the crack cocaine. Viewing this evidence in the light most favorable to the prosecution, the evidence adequately supports the verdict and was sufficient to negate any reasonable probability of misidentification. The assignment of error is without merit.

*1013 MISTRIAL
McKinney also claims that the trial court erred in denying a motion for mistrial on the grounds that a state witness improperly referred to other crimes evidence.
As the state sought to establish a positive identification of the defendant as the drug seller, Deputy Sudduth first testified that he knew defendant because they lived in the same town but then added that he had previously arrested defendant. He later testified that he had seen the defendant numerous times. The court denied defendant's motion for mistrial based upon the arrest statement, finding it to have been an "inadvertent ... unnecessary response" by the witness. Thereafter, defense counsel refused an admonition offered by the court.
Defendant contends that because the state "conditioned" Sudduth's response by earlier questioning him regarding his arrest of Gibbs, he is entitled to a mandatory mistrial under La.C.Cr.P. art. 770. He alternatively argues that a discretionary mistrial should have been granted because Sudduth's statement of his prior criminal involvement only showed McKinney to be a "bad person" who had been previously arrested, possibly for other drug activity, which increased the jury's tendency to convict him.
Mistrial is a drastic remedy which is warranted only when substantial prejudice would otherwise result to the accused. State v. Morvan, 31,511 (La.App.2d Cir.12/09/98), 725 So.2d 515; State v. Harris, 28,517 (La. App.2d Cir. 08/21/96), 679 So.2d 549, writ denied, 96-2954 (La.09/26/97), 701 So.2d 975. A police officer's unsolicited, unresponsive reference to another crime alleged to have been committed by a defendant is not the comment of a court official under La.C.Cr.P. art. 770(2). State v. Nuccio, 454 So.2d 93 (La.1984); State v. Gay, 29,434 (La.App. 2d Cir. 06/18/97), 697 So.2d 642. Such an officer will be held to the same standard if his answers show a pattern of unresponsiveness or improper intent. State v. Gay, supra. Although an impermissible reference to another crime deliberately elicited of a witness by the prosecutor would be imputable to the state and would mandate a mistrial, unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for mandatory reversal of the conviction. State v. Thompson, 597 So.2d 43 (La.App. 1st Cir. 1992), writ denied, 600 So.2d 661 (La.1992).
We are unpersuaded by defendant's argument regarding his entitlement to a mandatory mistrial under the provisions of La.C.Cr.P. art. 770. Certainly, McKinney's identity was crucial to the state's case. We cannot agree that the questioning regarding Deputy Sudduth's arrest of the informant, Gibbs, somehow "conditioned" the officer to likewise testify regarding his earlier arrest of defendant. The direct and legitimate solicitation of this information from Sudduth regarding his relationship with the informant is entirely unrelated to the officer's responses regarding his association with the defendant. Moreover, Sudduth's initial response regarding his acquaintance with McKinney shows that he attached more importance to the fact that the two lived in the same town rather than his arrest of defendant. Certainly, had he been "conditioned" by the previous arrest testimony, as defendant contends, he would have first mentioned that event to explain his familiarity with McKinney. The order of these responses also suggests that the witness expounded beyond that anticipated by the prosecutor. These facts fail to show a deliberate design by the state to elicit Sudduth's response. We find the officer's testimony regarding his arrest of McKinney to be an unsolicited and unresponsive statement which is not chargeable to the state under La.C.Cr.P. art. 770.
Rather, La.C.Cr.P. art. 771 governs the remarks and requires only an admonition unless the prejudice arising from the remark cannot be cured by court warning. Mistrial under that section is discretionary and should be granted only where the prejudicial remarks make it impossible for the defendant to obtain a fair trial. State v. Smith, 418 So.2d 515 (La.1982).
The record fails to support defendant's contention that Sudduth's statement regarding his previous arrest of McKinney, combined with his responses to questions regarding how many times he had seen defendant, suggested to the jury that he had *1014 not only been previously arrested numerous times but also that the previous arrests were related to drug activity. Sudduth's testimony in no way suggests that he arrested defendant on more than one occasion. Because the officer revealed no details of that event, improper inferences regarding the subject matter or disposition of the charges are unlikely. Moreover, Sudduth's later testimony, revealing only that he had seen and contacted defendant on numerous occasions, connects none of those sightings with an arrest. The obvious intent of the testimony and questioning was an attempt by the state to strengthen Sudduth's identification of the defendant. When viewed in their entirety, these statements fail to show that McKinney has been deprived of a fair trial. Under these facts, he was entitled only to an admonishment, which he refused. See State v. Thompson, supra. This assignment of error is without merit.

EXCESSIVE SENTENCE
In his final two assignments of error, McKinney argues that the trial court erred in imposing more than the minimum sentence of five years at hard labor and failed to state adequate reasons for the sentence imposed. Specifically, defendant contends that the trial court failed to consider his status as a first felony offender, his distribution of only two rocks of cocaine for $100, and that he is the father of six children, all under the age of thirteen.
In reviewing excessive sentence assertions, an appellate court utilizes a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary, however, when a sufficient factual basis for the sentence is clearly shown. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
The second inquiry concerns whether the incarceration is too severe, considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate when the crime and punishment, viewed in light of the harm done to society, shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
We find adequate 894.1 compliance. The court considered the pre-sentence investigation report which contained McKinney's personal history, including his fourteen-year marriage and his status as the father of six children. The court also noted the lack of a disposition on each of defendant's multiple arrests, his family situation, good health, and service of six months jail time on this serious offense.
Nor do we find the sentence excessive. Defendant faced penalty exposure at hard labor for not less than five years nor more than thirty years and a possible fine not exceeding $50,000. La. R.S. 40:967(B)(4)(b). Accordingly, McKinney's sentence is only one year greater than the minimum. Even though defendant is the custodial parent of six children, he nevertheless made the decision to sell crack cocaine in the streets. The low-end sentence is well within the trial court's sentencing discretion, tailored to both the offender and his circumstances, and is not inappropriate for this offender. This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.