JjKOSTELKA, J.
After a jury convicted Aaron Larry Bowman, Jr. (“Bowman”) of possession of cocaine, La. R.S. 40:967, he was adjudicated a second felony offender due to a prior possession of cocaine conviction in 1997 and was sentenced to seven and one-half years at hard labor. Bowman now appeals the conviction and sentence. We affirm.
*934 Facts
On April 7, 1999, Monroe, Louisiana police officers Randall Pittman (“Pittman”) and Trish Passman (“Passman”) observed Bowman standing in front of the Red Front Café drinking from a glass. Suspecting both violations of loitering and open container laws, the officers approached Bowman to determine if there was alcohol in the glass. Pittman spoke with Bowman and determined that the glass contained water, but noted that Bowman appeared nervous. Thereafter, Bowman hastily walked into the café with Pittman following approximately two feet behind him. As Bowman entered the establishment, Pittman observed him make a throwing motion with his left hand, saw a small object leave his hand as he did so and heard a thump on the vinyl sofa located about eight to ten feet to the left of the doorway. Pittman then confined Bowman and summoned Passman. While Passman continued to detain Bowman, Pittman observed and immediately seized from the sofa a small baggy containing seven rocks of what laboratory tests later revealed to be crack cocaine.[1] When the incident occurred, only one other individual, located approximately forty feet from the sofa, was inside the café.
| a Sufficiency op the EvideNCe
Bowman argues that the evidence was insufficient to support his conviction because the state failed to prove he possessed the cocaine.
A claim of insufficient evidence is better addressed by a motion for post-verdict judgment of acquittal filed in the trial court. See, La.C.Cr.P. art. 821. However, this court has held that it may also be raised by assignment of error on appeal. State v. McKinney, 31,611 (La.App.2d Cir.02/24/99), 728 So.2d 1009.
The standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson and does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.05/08/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.06/26/98), 719 So.2d 1048.
To support a conviction of possession of a controlled dangerous substance, the state must prove the defendant possessed an illegal drug and that he did so knowingly. State v. Watkins, 33,644 (La.App.2d Cir.09/27/00), 768 So.2d 665.
In this case, Pittman witnessed Bowman make a throwing motion, saw something leave his hand and straightaway heard a thumping noise on the sofa in the *935 café. Immediately thereafter, Pittman seized the only item found on the sofa— crack cocaine. At that time, the only other person on the premises was approximately forty feet from the sofa. Passman corroborated that Bowman made a throwing motion with his hand and that Pittman found the baggie on the sofa. Of course, Bowman denied possessing the cocaine. Kela Hauston (“Hauston”), the mother of at least two of Bowman’s four children, testified that she observed the questioning of Bowman by police from a house across the street from the café. She testified that she never saw Bowman make a throwing gesture as he entered the building but admitted that she could not observe anything that occurred inside the premises. Lena Mae Sewell (“Sewell”), the only other individual in the café at the time of the incident, testified that she also did not see Bowman make a throwing motion as he entered the café.
The jury obviously accepted the officers’ testimony and concluded that it was Bowman who knowingly possessed and discarded the cocaine onto the sofa. We afford that conclusion great deference and decline to disturb this credibility determination. Moreover, with Pittman’s continued Lobservation of Bowman’s actions as he entered the café and the fact that nothing other than cocaine was found on the sofa, we find this conclusion the only reasonable explanation for the baggie’s location on the sofa. Accordingly, after viewing this evidence in the light most favorable to the state, we find it sufficient to support Bowman’s conviction.
Exoessive Sentence
Pursuant to La. R.S. 40:967(C) and 15:529.1, Bowman was sentenced as a second felony offender to seven and one-half years at hard labor with credit for time served.[2] On appeal, he urges that because of his young age and the fact that he is not the most egregious of offenders, the sentence is excessive.
After reviewing the trial court’s articulation of reasons and the sentence imposed in accordance with the jurisprudential analysis set forth in State v. McKinney, supra, we affirm the sentence. The record before us reveals exemplary compliance with La.C.Cr.P. art 894.1 and a sufficient factual basis for the sentence imposed. Nor do we find the sentence constitutionally excessive. Bowman faced, but did not receive, the maximum sentence of ten years. In addition to other convictions for reckless operation of a vehicle and shoplifting, this twenty-six-year-old father of four was on probation for possession of cocaine when he committed the present offense. Obviously, previous probationary treatment failed to deter his criminal activity and propensity for drug use. Under Ifthese circumstances, we cannot find this upper mid-range sentence shocking to the sense of justice. Bowman’s conviction and sentence are affirmed.
AFFIRMED.

. The record also reveals that police seized marijuana from Bowman.

. The trial court failed to impose the sentence without benefit of probation or suspension of sentence in accordance with La. R.S. 15:529.1(G). Because the state has failed to appeal this sentencing error, this court may not correct this illegally-lenient sentence, nor may we remand for resentencing. State v. Fraser, 484 So.2d 122 (La.1986).