354 So.2d 516 (1978)
STATE of Louisiana, Appellee,
v.
Alvin BROWN, Appellant.
No. 60279.
Supreme Court of Louisiana.
January 30, 1978.
Elizabeth W. Cole, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant Brown was convicted of simple burglary, La.R.S. 14:62, and sentenced, as a multiple offender, La.R.S. 15:529.1, to three years imprisonment at hard labor. For reasons to be stated, we *517 find no merit to the four assignments of error argued on appeal. Accordingly, we affirm.
According to the state's evidence, Brown and his brother (Otha Simmons) were arrested after they had removed a cabinet from a house through its front door and loaded it into their automobile.
Otha Simmons testified at the trial that he had picked up an abandoned cabinet from the front yard of the residence to bring it home, and that he had asked his brother to help him. The defense tendered by his testimony was that there had been no unauthorized entry of the dwellingand thus no burglary had been committed, only a trespass or a theft of property outside an un-entered building. (Simmons testified that, as part of a plea bargain, he had pleaded guilty to the burglary only in order to receive probation instead of imprisonment.)
Assignment 6 presents the most arguable issue. It concerns the cross-examination of Simmons, when he was asked why he had not informed the police of this exculpatory version of the incident at the time of the arrest of himself and the accused.
Arguably, this cross-examination constituted an impermissible prosecutorial reference to the witness' post-arrest silence, in derogation of his right to remain silent after police accusation. State v. Montoya, 340 So.2d 557 (La.1976); State v. Smith, 336 So.2d 867 (La.1976). The cited decisions held that an accused, at least, may not be so questioned.
However, the objection to this questioning was not made until the prosecutor concluded two pages of cross-examination concerning it. (Following the objection, the witness was not cross-examined further as to his failure to give the arresting police his present exculpatory version of the incident.) The objection was therefore not timely; the defendant cannot complain on appeal of the alleged error, to which he did not object until after the witness had already fully answered all of the prosecutor's queries on the subject. La.C.Cr.P. art. 841.
The remaining assignments present only insubstantial issues: The arresting officer's testimony as to the fact of a radio communication, to explain his presence on the scene, is not hearsay evidence inadmissibly introduced to prove the communication's content. State v. Monk, 315 So.2d 727 (La.1975) (Assignment 5). The prosecutor's comments, giving reasons to question the credibility of Simmons (the accused's brother) and his exculpatory version, were not improper or reversible (Assignments 7, 8).

Decree
Accordingly, we affirm the defendant's conviction and sentence.
AFFIRMED.
SUMMERS, J., concurs.