LeBLANC, Judge.
Eric “Bo” Harris was indicted with second degree murder, a violation of La.R.S. 14:80.1(A)(1). He pled not guilty and, after trial by jury, was convicted as charged. The court sentenced defendant to serve a term of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant has appealed, urging eight assignments of error. Assignments of error numbers 1-2, 4-6, and 8 were not briefed on appeal and, therefore, are considered abandoned. See Uniform Rules — Courts of Appeal, Rule 2-12.4.

FACTS

In the early morning hours of July 6, 1991, defendant stabbed and killed Yvonne Mack. Prior to the stabbing, Mack had been with her boyfriend, Mark Williams, at a lounge in Baton Rouge. While Mack and Williams (along with a man who was going to give them a ride) were walking to Williams’ grandmother’s home, defendant followed the group. When Mack and Williams arrived at the house, Williams and the other man went into the house to get Williams’ clothes, leaving Mack outside to wait at the car. While Mack was sitting on the car, defendant approached her. Defendant is paralyzed from the waist down and uses a wheelchair. He testified that Williams and Mack had taken his money to get him some drugs but had not given him either the money or the drugs. According to defendant’s testimony, after defendant approached Mack, Mack started talking “crazy” and grabbed from defendant’s hand a bag which contained money and drugs.[1] Defendant testified that, because he was in the wheelchair, he could not fight back against Mack. When Mack then hit defendant in the head, defendant pulled a knife and started swinging it at Mack. He explained that he carried the knife because he did not want people taking advantage of him because of his disability.
As a result of the injuries the victim sustained from the stabbing, she died at the scene. While the police were investigating the murder, defendant made several statements. He repeatedly said, “I killed her. I am not going to lie. I killed her.” He also indicated to the police that a few years earlier Williams’ brother had killed defendant’s cousin. Defendant also stated that he had given Mack and Williams $50.00 to buy some drugs for defendant but they had not given him either his money or drugs.
The forensic pathologist who performed the autopsy testified the victim was stabbed in her neck twice. The fatal stab wound severed an artery and penetrated into the right lung. The victim also had defensive-type wounds on her left wrist and arm and on her right leg. Additionally, she had multiple abrasions on her knees. The pathologist concluded a struggle occurred and that the victim either fell to the ground or was kneeling during the offense.

ADMISSION OF AUTOPSY PHOTOGRAPHS

In assignment of error number three, defendant argues the trial court erred when it overruled the defense’s objection to introduction of photographs taken of the victim during the autopsy. Defendant contends that, because the fact and cause of death already had been established and because the identification of the victim and the extent of her wounds was not at issue, the gruesome pictures should not have been introduced.
A photograph which illustrates or sheds light upon any fact or issue in the case or is relevant to describe the person, place or thing depicted generally is admissible. A postmortem photograph of a murder victim is admissible to prove corpus delicti, to corroborate other evidence establishing the cause of death, and to provide positive identification of the victim. The admission of a gruesome photograph did not constitute reversible error unless it is *948 clear the prejudicial effect of the photograph outweighs its probative value. State v. Jones, 593 So.2d 1301, 1308 (La.App. 1st Cir.1991). The photograph, of course, “must be relevant for some purpose and a balance must be struck between the probativity of the photograph and its tendency ‘to overwhelm reason and to associate the accused with the atrocity without sufficient evidence.’ ” State v. Lindsey, 404 So.2d 466, 475 (La.1981) (quoting 4 Wigmore, Evidence § 1157 (Chadbourn rev. 1972)).
We find that introduction of the pictures was not error. The autopsy photographs identify the victim and corroborate the fact of death. The photographs, while unpleasant, are not so gruesome that this Court must find that they would “overwhelm reason.” The amount of blood revealed in the pictures is minimal. The pictures were taken in a “sterile” environment, detached from the immediacy of the scene where the stabbing occurred. See Lindsey, 404 So.2d at 476. The pictures show the location of the wounds, including the defensive wounds and the abrasions on the victim’s legs. When we balance the probative value of the photographs (toward proving the identity of the victim and the cause of death and rebutting defendant’s self-defense claim) with the remote likelihood that the jury was inflamed simply upon seeing these pictures, we find that the probative value of the photographs outweighs the possible inflammatory effect.
The assignment of error is without merit.

SUFFICIENCY OF THE EVIDENCE

In the seventh assignment of error, defendant argues the evidence was insufficient to support his conviction. He specifically argues the evidence he intended to kill or inflict great bodily harm was insufficient. He also appears to argue he acted in self-defense.
In reviewing claims challenging the sufficiency of the evidence, this Court must consider “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). See also La.C.Cr.P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988).
To convict a defendant of second degree murder, the state is required to demonstrate the defendant specifically intended to kill the victim or to inflict great bodily harm. La.R.S. 14:30.1(A)(1). Specific intent is defined as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La.R.S. 14:10(1).
Our review of the trial record reveals overwhelming evidence of the requisite intent. Defendant testified he did not intend to kill the victim but merely wanted to show her he was serious. However, the evidence shows he stabbed the victim twice in the neck, using a large kitchen-type knife. The fatal wound severed an artery and penetrated into the victim’s right lung. Defendant also stabbed the victim on her left wrist and arm and on her right leg. After the offense, defendant repeatedly stated to the officers who arrived at the scene that he had killed the victim. He expressed no remorse and appeared relieved the offense had occurred. He also told the officers that Williams’ brother had killed defendant’s cousin a few years earlier and that Williams and the victim owed him some money and drugs.
In advancing this assignment of error, defendant also claims his trial testimony supports the defense of justifiable homicide. When a defendant charged with a homicide claims self-defense, the state has the burden of establishing beyond a reasonable doubt that the defendant did not act in self-defense. State v. Rosiere, 488 So.2d 965, 968 (La.1986). The elements of self-defense are established in La.R.S. 14:20(1):
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or *949 receiving great bodily harm and that the killing is necessary to save himself from that danger; ...
The relevant inquiry on appeal is whether or not, after viewing the evidence in the light most favorable to the prosecution, a rational fact finder could have found beyond a reasonable doubt that defendant did not act in self-defense. Rosiere, 488 So.2d at 968-69. See also State v. Ducksworth, 496 So.2d 624, 629-30 (La.App. 1st Cir.1986).
The evidence establishes defendant did not act in self-defense. Throughout the offense, the victim was unarmed. She was a short, small woman who, because of injuries she suffered from polio, walked with difficulty and with a noticeable limp. Williams testified that whenever the victim fell down she needed assistance in getting up again. According to the pathologist who performed the autopsy, the wounds on the victim’s left wrist and arm and on her right leg were defensive wounds which indicated she was trying to protect herself from the knife. She also had abrasions on her knees which showed she fell to the ground during the offense. In support of his self-defense claim, defendant testified that, before he stabbed the victim, she struck him in the head and was talking “crazy.” However, defendant had no visible injuries. His explanation to the investigating detective was that he stabbed the victim to let her know he was serious. When questioned at the trial as to why he did not just use his wheelchair to get away from the victim, defendant had no explanation. Accordingly, we find the evidence sufficient to establish that defendant was not acting in self-defense when he stabbed the victim.
The assignment of error is without merit. PATENT ERROR
In reviewing the record for patent error, we have found error in the sentence. The trial court did not give defendant credit for time served.[2] See La.C.Cr.P. art. 880. Accordingly, we amend the life sentence to reflect that defendant is to be given credit for any time served prior to execution of his sentence. See State v. King, 604 So.2d 661, 670 (La.App. 1st Cir.1992). Resentencing is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be given credit for time served.
CONVICTION AND SENTENCE AFFIRMED AS AMENDED; REMANDED WITH ORDER.

. Although defendant maintained the victim grabbed his bag, the bag was not found at the scene. However, a blue bag belonging to the victim was found nearby. The victim’s bag contained a syringe which tested positive as containing cocaine. Cocaine in a undetermined amount also was detected in the victim’s urine.

. Although the minutes of the sentencing state the court credited defendant with time served, the transcript reveals the court did not. Since there is a discrepancy between the minutes and the transcript, the transcript must prevail.