STATE OF LOUISIANA
v.
BLAIR POINDEXTER.
No. 2007 KA 1516.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
CAMILLE MORVANT, District Attorney, JOSEPH S. SOIGNET, Assistant District Attorney, Thibodaux, Louisiana, Counsel for Appellee State of Louisiana.
MARY E. ROPER, Baton Rouge, Louisiana, Counsel for Defendant/Appellant, Blair Poindexter.
Before: GAIDRY, MCDONALD, and MCCLENDON, JJ.
GAIDRY, J.
The defendant, Blair Poindexter, was charged by bill of information with possession with intent to distribute a Schedule II controlled dangerous substance, cocaine, a violation of La. R.S. 40:967. He pled not guilty. The defendant was tried by a jury and convicted as charged. The defendant was sentenced to imprisonment at hard labor for fifteen years. The defendant now appeals, urging in a single assignment of error that the trial court erred in denying his motion for a mistrial. We affirm the defendant's conviction and sentence.

FACTS
At sometime around noon on November 14, 2006, Detective T.J. Crochet of the Thibodaux Police Department, Narcotics Bureau, was parked in a lot on the corner of Plantation Road and Canal Boulevard in Thibodaux, Louisiana when he observed an Oldsmobile Cutlass pass by. Upon noticing that the passenger was not wearing a safety belt, Detective Crochet decided to follow the vehicle. After observing the driver perform two turns without using a turn signal, Detective Crochet initiated a traffic stop. The defendant was the driver, and his brother, Percy Poindexter, was seated on the passenger side of the vehicle. As the defendant drove the vehicle onto the shoulder of the roadway in response to the traffic stop, Detective Crochet, from a position approximately two to three feet behind the vehicle, observed the defendant move in a leaning motion towards the passenger seat. Percy Poindexter leaned back into the reclined passenger seat, and the defendant tossed an object out of the passenger side window of the vehicle. When the discarded object made contact with the ground, several smaller, light-colored objects fell from it. Because he was alone, Detective Crochet did not immediately retrieve the discarded objects. Instead, he acted as if he was not aware that anything had been discarded. He approached the vehicle and made contact with the driver of the vehicle. When asked to identify himself, the defendant indicated that he was "Johnny Poindexter." Detective Crochet continued to converse with the defendant while stalling for backup to arrive. At all times during the encounter, Detective Crochet maintained visual contact with the discarded object.
Once the backup officer arrived, Detective Crochet went over and collected the object, a small sandwich "baggie" with three pieces of suspected crack cocaine inside. Five additional pieces of suspected crack cocaine were also collected from the ground around the baggie. The defendant and Percy Poindexter were arrested and transported to the Thibodaux Police Department.
Scientific analysis of the substances recovered revealed the presence of cocaine.

DENIAL OF MOTION FOR A MISTRIAL
In his sole assignment of error, the defendant contends the trial court erred in denying his motion for a mistrial after the state's witness, Detective Crochet, presented testimony before the jury which "insinuated that [the defendant] had a prior criminal history." Specifically, the defendant points to Detective Crochet's testimony indicating that he received information regarding the defendant's true identity from a probation officer on the day of the arrest. The defendant claims the contested testimony was a highly prejudicial indirect reference to the defendant's criminal history. He further asserts that the testimony was intentionally elicited by the state and should be imputed as such, thereby mandating a mistrial under La. Code Crim. P. art. 770.
At the trial, Detective Crochet testified that while the defendant was in booking at the Thibodaux Police Department (under the name Johnny Poindexter), John Landry, a probation and parole officer with the Department of Public Safety and Corrections, called in with information regarding the arrest. According to Detective Crochet, Mr. Landry indicated he received a telephone call from "Johnny Poindexter" indicating that his brother, Blair Poindexter, was the individual who had actually been arrested. Detective Crochet further testified that Mr. Landry later arrived at the police station and identified the defendant as Blair, not Johnny, Poindexter.
Immediately following this testimony, counsel for the defendant objected and requested permission to approach the bench. During a bench conference, defense counsel stated that he was concerned with Detective Crochet's testimony indicating that Mr, Landry worked with Probation and Parole. In response, the prosecutor indicated that Mr. Landry was Johnny Poindexter's probation officer. Defense counsel noted that Detective Crochet's testimony did not establish this fact. The court advised defense counsel that he would have an opportunity to clarify the issue on crossexamination. The state's examination of Detective Crochet resumed.
Detective Crochet continued to explain the process utilized in verifying the defendant's identity. He explained that Mr. Landry provided the defendant's date of birth, which was, in turn, used to retrieve his driver's license record with the Department of Motor Vehicles. Following this statement, the defense again requested permission to approach the bench. Counsel again complained about Detective Crochet's reference to Mr. Landry. After a brief discussion on the issue, the defendant requested that he be allowed to "make an objection for the record[.]" The court stated that the defense would be allowed to make the objection later, outside the presence of the jury.
At the end of the day, the court revisited the issue. Counsel for the defendant moved for a mistrial based upon Detective Crochet's references to Mr. Landry. Counsel specifically noted that Detective Crochet initially indicated that Mr. Landry was an officer with Probation and Parole and later stated that Mr. Landry provided information regarding the defendant's date of birth and driver's license number. The defendant claimed that this particular testimony would lead the jury to infer prior criminal activity by the defendant. He argued that such a reference to the defendant's criminal history was impermissible and rendered a fair trial impossible.
In response, the state argued that a mistrial was not warranted because Detective Crochet's testimony did not, in any way, indicate that the defendant was on probation or that Mr. Landry was the defendant's probation officer. The trial court denied the motion for a mistrial finding that there was no prejudice because Detective Crochet never indicated that Mr. Landry was, in fact, the defendant's probation officer.
Generally, evidence of other crimes or bad acts is inadmissible at a criminal trial unless the probative value of the evidence outweighs its prejudicial effect, and unless it falls under one of the statutory or jurisprudential exceptions to the exclusionary rule. See State v. Johnson, 94-1379, pp. 9-10 (La. 11/27/95), 664 So.2d 94, 99.
Louisiana Code of Criminal Procedure article 770 provides that a defendant may move for a mistrial when a remark made within the jury's hearing by the judge, district attorney, or a court official falls into one of four enumerated categories: 1) an irrelevant and prejudicial comment about race, religion, color, or national origin; 2) a remark about another crime committed by the defendant as to which evidence is not admissible; 3) a comment about the defendant's failure to testify in his own behalf; or 4) a comment about the judge's refusal to direct a verdict. State v. Fisher, 95-0430, p. 5 (La. App. 1st Cir. 5/10/96), 673 So.2d 721, 724, writ denied, 96-1412 (La. 11/1/96), 681 So.2d 1259.
A police officer is not a court official within the meaning of Louisiana Code of Criminal Procedure article 770. State v. Watson, 449 So.2d 1321, 1328 (La. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). However, the jurisprudence has held that an impermissible reference to another crime deliberately elicited from a witness by the prosecutor would be imputable to the state and would mandate a mistrial. Nevertheless, unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for mandatory reversal of a conviction. State v. Thompson, 597 So.2d 43, 46 (La. App. 1st Cir.), writ denied, 600 So.2d 661 (La. 1992).
Remarks by witnesses fall under the discretionary mistrial provisions of La. Code Crim. P. art. 771, which provides, in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
A mistrial is warranted when certain remarks are considered so prejudicial and potentially damaging to the defendant's rights that even a jury admonition could not provide a cure. State v. Edwards, 97-1797, p. 19 (La. 7/2/99), 750 So.2d 893, 906, cert. denied, 528 U.S. 1026, 120 S.Ct. 542, 145 L.Ed.2d 421 (1999). Mistrial is a drastic remedy that is authorized only where substantial prejudice will otherwise result to the accused. State v. Anderson, XXXX-XXXX, p. 19 (La. App. 1st Cir. 3/28/01), 784 So.2d 666, 682, writ denied, XXXX-XXXX (La. 4119/02), 813 So.2d 421. A trial court's ruling denying a mistrial will not be disturbed absent an abuse of discretion. State v. Givens, 99-3518, p. 12 (La. 1/17/01), 776 So.2d 443, 454.
In the instant case, we need not decide whether the testimony in question was imputable to the state. Having reviewed the record and the relevant testimony, we find that Detective Crochet's statement indicating that Mr. Landry was employed by the Department of Public Safety and Corrections, Probation and Parole, even when coupled with his testimony indicating that Mr. Landry identified the defendant and provided his date of birth,[1] was not an unambiguous reference to another crime committed or alleged to have been committed by the defendant. As the trial court correctly noted, although the testimony in question indicated that Mr. Landry was familiar with the defendant and his brother, Johnny Poindexter, there was never any explanation regarding the nature of his relationship with the defendant. Because there was no evidence or testimony indicating any direct professional connection between the defendant and Mr. Landry, we do not find that Detective Crochet's testimony constitutes evidence of any other crime(s) committed by the defendant. Therefore, we find no indication that the testimony in question made it impossible for the defendant to receive a fair trial. Thus, a mistrial was not warranted under articles 770 or 771.
Furthermore, it is well settled that the erroneous admission of other crimes evidence is subject to harmless error review. State v. Johnson, 94-1379 at p. 15, 664 So.2d at 101. In this case, wherein Detective Crochet personally observed the defendant discard the illegal drugs in question, we find that the guilty verdict was surely unattributable to any implied prior criminal activity by the defendant. See Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). Therefore, even if we were to conclude that there was error by the trial court in allowing the jury to hear information regarding Mr. Landry's occupation and his identification of the defendant, any such error was clearly harmless and does not necessitate reversal of the defendant's conviction. See La. Code Crim. P. art. 921.
As previously noted, mistrial is a drastic remedy that should be granted only when the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. Considering the above, we find no error or abuse of discretion in the trial court's denial of the defendant's motion for a mistrial. This assignment of error lacks merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] During the argument before the trial court, the defendant claimed Detective Crochet testified that Mr. Landry also provided the defendant's driver's license number. This claim is unsupported by the record. The transcript of Detective Crochet's testimony reflects that he stated Mr. Landry provided only the defendant's date of birth. He explained that the defendant's driver's license information was obtained by inputting his name and date of birth into the Department of Motor Vehicles computer system.