STATE OF LOUISIANA
v.
BRANDON PENNISON
No. 2008 KA 0244.
Court of Appeals of Louisiana, Fifth Circuit.
June 6, 2008.
SCOTT M. PERRILLOUX District Attorney Livingston, LA, Counsel for Plaintiff/Appellee State of Louisiana
GREG MURPHY, Assistant District Attorney, Livingston, LA.
MARY E. ROPER, Louisiana Appellate Project, Baton Rouge, LA, Counsel for Defendant/Appellant Brandon Pennison.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
The defendant, Brandon Pennison, was charged by bill of information with distribution of a Schedule I controlled dangerous substance (marijuana) (count one) and possession with intent to distribute a Schedule I controlled dangerous substance (marijuana) (count two), in violation of LSA-R.S. 40:966(A)(1). He pled not guilty to both charges and filed a motion to suppress the evidence. At the conclusion of a hearing, the trial court denied the motion. Prior to trial, the state dismissed count one. The defendant was tried by a jury, convicted as charged on count two, and sentenced to imprisonment at hard labor for fifteen years. The defendant now appeals, urging the following assignments of error:
1. The trial court erred in denying the defendant's motion to suppress the evidence, as the state failed to meet its burden of proving that the search of the trailer fell under an exception to the warrant requirement and the search, even if it had been proven to have been authorized as an exception, was unreasonable under the circumstances.
2. The trial court abused its discretion in refusing to grant a mistrial after the State elicited testimony regarding the name of the crime for which defendant was on parole at the time of his arrest, since the crime for which he was on parole was a violation of the same criminal statute as the one he was on trial for, causing undue prejudice to the defendant's ability to receive a fair trial.
Finding no merit in the assigned errors, we affirm both the conviction and sentence.

FACTS
Testimony adduced at the hearing on the defendant's motion to suppress and at the trial established that Ramona Ousley, the defendant's mother, owns the property located at 39200 Tyler Ballard Road in Walker, Louisiana.[1] On this property, there is one main house and two mobile home-type trailers (often referred to as "FEMA trailers" in the record).
On or about May 3, 2006, John Chamberlain contacted the Office of Probation and Parole and reported that the defendant, who had recently been released from jail on parole, was in possession of a large quantity of marijuana at one of the trailers on the Tyler Ballard Road property. John Chamberlain also contacted Detective Ken McMorris of the Livingston Parish Sheriffs Department and provided the same information. According to James Chamberlain, the defendant and his brother, Daniel Pennison, attempted to get James to accept a large black duffle bag filled with a large amount of marijuana and other drug-related paraphernalia. According to James, he and his father went to the Tyler Ballard Road property to express condolences for the family in response to the recent murder of Leroy Ousley, Ramona Ousley's son and the defendant and Daniel's younger brother. James stated that he was inside one of the two FEMA trailers when the defendant and Daniel showed him the marijuana and asked him to take it, sell it, and return the proceeds. They indicated that the family needed the money to assist in paying for their brother's funeral. James refused and later advised his father of the request.
In response to the information received from the Chamberlains, David Smith and Brannix Fitzgerald of the Office of Probation and Parole, decided that they would conduct a parole inspection of the residence. Officer Smith was the parole officer supervising Daniel Pennison and Officer Fitzgerald supervised the defendant. Meanwhile, Detective McMorris asked James to participate in a controlled purchase of some of the marijuana from the Pennison brothers. James agreed to assist in the investigation. On May 3, 2006, when James returned to the trailer and asked to purchase a portion of the marijuana previously offered to him, the Pennison brothers refused the partial sale. Instead, they insisted that James take all of the marijuana. When James declined, they gave him a small amount of the marijuana. James related the information regarding the attempted sale to Detective McMorris and turned over the marijuana he received from the Pennison brothers.
Later that day, Detective McMorris was in the process of securing a search warrant for the property when he made contact with the officers from Probation and Parole and learned that they were en route to the property. Detective McMorris discontinued his investigation. Thereafter, based upon information indicating that the Pennison brothers were staying in the trailer where the marijuana had been observed, Officers Smith and Fitzgerald went to the Tyler Ballard Road property to conduct the parole search. They went to the trailer where John Chamberlain had indicated the criminal activity was taking place. When no one answered a knock on the door at the trailer, the officers entered and performed a warrantless search. Consistent with the information provided by James, a large amount of marijuana was discovered in a black bag inside the trailer. Both Pennison brothers were apprehended inside the main house and placed under arrest. The Livingston Parish Sheriffs Office was called to the residence to complete the narcotics investigation.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant argues that the trial court erred in failing to grant his motion to suppress the evidence. He asserts that the evidence seized from the trailer in question (which he asserts was the residence of his deceased brother) should have been suppressed as it resulted from an illegal search that cannot be justified under any exception to the warrant requirement. The defendant's argument in favor of suppression of the evidence is twofold. First, he asserts that the state failed to meet its burden of proof on the conditions of the defendant's parole. Without evidence that he actually agreed, as a condition of his parole, to warrantless searches of his place of residence, he contends that there was no justification for the warrantless search of the property and the evidence must be suppressed. The defendant also argues, in the alternative, that the search by the parole officers in this case was unreasonable. He contends that since his parole officer did nothing to establish which of the structures located on the Tyler Ballard Road property was actually his residence, the search of the trailer, which he claims was not his residence, was illegal.
Initially we note that the defendant's argument regarding the state's alleged failure to meet its burden of proof on the conditions of the defendant's parole is being presented for the first time on appeal. The defendant did not present such an argument at the hearing on the motion to suppress or at the trial below. The jurisprudence is well settled that a new ground for an objection cannot be raised for the first time on appeal. LSA-C.Cr. P. art. 841, see also State v. Simms, 381 So.2d 472, 476-77 (La. 1980); State v. Charles, 326 So.2d 335, 336-37 (La. 1976). Under LSA-C.Cr.P. art. 841, a contemporaneous objection is required to preserve an error for appellate review. The purpose of the contemporaneous objection rule is to allow the trial judge the opportunity to rule on the objection and thereby prevent or cure an error. State v. Hilton, 99-1239, p. 12 (La. App. 1st Cir. 3/31/00), 764 So.2d 1027, 1035, writ denied. XXXX-XXXX (La. 3/9/01), 786 So.2d 113. The rule also prevents a defendant from "sitting on" an error and gambling unsuccessfully on the verdict, then later resorting to an appeal on an error that might have been corrected at trial. State v. Duplissey, 550 So.2d 590, 593 (La. 1989). Thus, the defendant is precluded from raising the issue on appeal.
Insofar as the defendant argues that the search conducted by the parole officers was unreasonable, we find no merit in this argument. A parolee has a reduced expectation of privacy, subjecting him to reasonable warrantless searches of his person and residence by his parole officer. The reduced expectation of privacy is a result of the parolee's conviction and agreement to report to a parole officer and to allow that officer to investigate his activities in order to confirm compliance with the provisions of his parole. A parole officer's powers, however, are not without some restraints. A parole officer may not use his authority as a subterfuge to help another police agency that desires to conduct a search but lacks the necessary probable cause. The parole officer must believe that the search is necessary in the performance of his duties and reasonable in light of the total circumstances. In determining the reasonableness of a warrantless search of a parolee and his residence, the court must consider: (1) the scope of the particular intrusion; (2) the manner in which the search was conducted; (3) the justification for initiating the search; and (4) the place it was conducted. State v. Hamilton, XXXX-XXXX, pp. 3-4 (La. App. 1st Cir. 2/14/03), 845 So.2d 383, 387. writ denied, XXXX-XXXX (La. 4/30/04), 872 So.2d 480.
It is an appropriate function of a parole officer to conduct unannounced, random checks on parolees. A parolee agrees to submit to such unannounced visits from his parole officer as a condition of parole. While the decision to search must be based on something more than a mere hunch, probable cause is not required, and only a reasonable suspicion that criminal activity is occurring is necessary for a parole officer to conduct the warrantless search. The jurisprudence allows police officers to accompany parole officers in surprise searches. Hamilton, XXXX-XXXX at pp. 4-6, 845 So.2d at 387-88.
Trial courts are vested with great discretion when ruling on a motion to suppress. Consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. State v. Long, 2003-2592, p. 5 (La. 9/9/04), 884 So.2d 1176, 1179, cert denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005).
In the instant case, we find no abuse of discretion in the trial court's denial of the motion to suppress. We do not find that the search of the trailer in question was unreasonable. The justification for initiating the search arose from the reasonable suspicion that the Pennison brothers, both of whom were under parole supervision, were in possession of a large quantity of marijuana and in violation of the conditions of their paroles. This reasonable suspicion was based on the fact that an eyewitness personally observed the marijuana in the Pennison brother's possession inside the trailer on the property when they attempted to convince him to sell it. The eyewitness also received a small quantity of the marijuana from the defendant and Daniel while inside the same trailer on a separate occasion. Considering the foregoing, we find that it was entirely reasonable for Officer Fitzgerald to conclude that more illegal drugs may be found in the defendant's possession at the trailer in question. Since, as established by Officer Fitzgerald's uncontradicted testimony, the defendant listed the residential address of 39200 Tyler Ballard Road as his place of residence in connection with his parole, and considering that James Chamberlain indicated that he encountered both Pennison brothers at the trailer on several occasions, it was reasonable for Officer Fitzgerald to conclude that the trailer in question (which was located on the property and shared the same residential address) was, or at the least, formed a part of, the defendant's residence. The search of the trailer offends neither the Fourth Amendment of the United States Constitution nor La. Const, art. I, § 5. See Hamilton, XXXX-XXXX at pp. 6-7, 845 So.2d at 388-89. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, the defendant contends that the trial court erred in failing to grant his motion for a mistrial when the state intentionally elicited other crimes evidence from a witness in violation of LSA-C.Cr.P. art. 770(2). Defendant argues that not only was this line of questioning improper rebuttal, it was also an intentional, and highly prejudicial, reference to another crime.
Generally, evidence of other crimes or bad acts is inadmissible at a criminal trial unless the probative value of the evidence outweighs its prejudicial effect, and unless it falls under one of the statutory or jurisprudential exceptions to this exclusionary rule. See State v. Johnson, 94-1379, pp. 9-10 (La. 11/27/95), 664 So.2d 94, 99.
Louisiana Code of Criminal Procedure article 770 provides that a defendant may move for a mistrial when a remark made within the jury's hearing by the judge, district attorney, or a court official falls into one of four enumerated categories: 1) an irrelevant and prejudicial comment about race, religion, color, or national origin; 2) a remark about another crime committed by the defendant as to which evidence is not admissible; 3) a comment about the defendant's failure to testify in his own behalf; or 4) a comment about the judge's refusal to direct a verdict. State v. Fisher, 95-0430, p. 5 (La. App. 1st Cir. 5/10/96), 673 So.2d 721, 724, writ denied, 96-1412 (La. 11/1/96), 681 So.2d 1259.
A police officer is not a court official within the meaning of LSA-C.Cr.P. art. 770. State v. Watson, 449 So.2d 1321, 1328 (La. 1984), cert-denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). However, the jurisprudence has held that an impermissible reference to another crime deliberately elicited from a witness by the prosecutor would be imputable to the state and would mandate a mistrial. Nevertheless, unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for mandatory reversal of a conviction. State v. Thompson, 597 So.2d 43, 46 (La. App. 1st Cir.), writ denied, 600 So.2d 661 (La. 1992).
The record reflects that the allegedly improper questioning and accompanying prejudicial response occurred during the testimony of Officer Fitzgerald. On cross-examination, the defense attempted to point out an inconsistency in a prior report by asking Officer Fitzgerald if he was, in fact, the defendant's (as opposed to Daniel's) parole officer. Officer Fitzgerald confirmed that he was responsible for supervising the defendant and further indicated that any report to the contrary was inaccurate. On rebuttal, in response to the prosecutor's specific inquiry regarding what offense the defendant was on parole for, Officer Fitzgerald replied, "distribution of marijuana."
Arguably, this response by Officer Fitzgerald was inadmissible as it was clearly a reference to another crime committed by the defendant. However, we note there was no contemporaneous objection to the initial question and/or response. In fact, the defense did not object to the question and/or response at all during Officer Fitzgerald's testimony. By the time the defense objected, Officer Smith, the state's next witness, was testifying. It was only then that the defense moved for a mistrial, arguing that the state solicited other crimes evidence from Officer Fitzgerald, a ground for a mandatory mistrial under LSA-C.Cr.P. art. 770(2). The state argued that it elicited the testimony only after the defense opened the door about the facts and circumstances surrounding the defendant's parole. The trial court agreed that the defense had "opened the door" and denied the motion for a mistrial.
Louisiana Code of Criminal Procedure article 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of its occurrence. See also LSA-C.E. art. 103(A)(1). As acknowledged by defense counsel on the record, we find that the objection to the testimony came too late. See State v. Sepulvado, 359 So.2d 137, 140 (La. 1978). In State v. Brown, 354 So.2d 516, 517 (La. 1978), during the cross-examination of witness Simmons, the prosecutor arguably made a reference to the witness's post-arrest silence. However, the Supreme Court found that the objection to the question was not timely because it was not made until the prosecutor concluded two pages of cross-examination concerning the subject. Thus, the defense was not allowed to raise the error on appeal.
In the instant case, we find that the defendant's objection was not timely. The defendant is precluded from raising this issue on appeal.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In determining whether the ruling on the defendant's motion to suppress was correct, we are not limited to the evidence adduced at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case. State v. Chopin, 372 So.2d 1222, 1223 n.2 (La. 1979).